UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
KARL CINA,

              Plaintiff,   :   Case No.: 12-cv-2276 (KBF) (JLC)

              v.   :   ECF Case

PUERTO RICAN FAMILY INSTITUTE,
INC. and HOPE FOR FAMILIES AND
CHILDREN FOUNDATION, INC.,

              Defendants.
------------------------------------------------------------- X

## DECLARATION OF ANDREW W. SINGER

1.    I am a member of the law firm of Tannenbaum Helpern Syracuse & Hirschtritt LLP, counsel for Defendants.

2.    I respectfully submit this declaration pursuant to 28 U.S.C. § 1746 to submit to the Court a document that is referenced in the Memorandum of Law in Support of Defendants' Motion to Partially Dismiss the Complaint that is being filed with the Court today.

3.    Submitted herewith are true and correct copies of the following:

<u>Exhibit 1</u>:    Summons and Complaint dated March 22, 2012.

4.    I declare under the penalty of perjury that the foregoing is true and correct.

Executed on May 1, 2012
in New York, New York

_____
Andrew W. Singer

# EXHIBIT 1

AO 440 (Rev. 12/09) Summons in a Civil Action

**JUDGE FORREST**

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| KARL CINA | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. **12 CV 2276** |
| PUERTO RICAN FAMILY INST., INC., & HOPE FOR FAMILIES AND CHILDREN FOUNDATION, INC. | ) |
| Defendant | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Hope for Families and Children Foundation, Inc., 145 West 15th Street, New York, NY 10011

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Gerald Jay Resnick, Esq., Resnick Law Group, PC, 100 Eagle Rock Avenue, Suite 301, East Hanover, NJ 07936

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
CLERK OF COURT

Date: **MAR 2 2 2012**

*Signature of Clerk or Deputy Clerk*

RECEIVED APR 1 0 2012 By HR

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**JUDGE FORREST**

JS 44C/SDNY
REV. 5/2010

CIVIL COVER SHEET  12 CV 2276

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Karl Cina | Puerto Rican Family Institute, Inc. and Hope for Families and Children Foundation, Inc. |
| ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
| Resnick Law Group, PC, 100 Eagle Rock Avenue, Suite 301, East Hanover, NJ 07936 (973) 781-1204 | Gerald Jay Resnick, Esq. |

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Title VII of Civil Rights Act of 1964

MAR 22 2012

Has this or a similar case been previously filed in SDNY at any time? No? [✓] Yes? [ ] Judge Previously Assigned

If yes, was this case Vol.[ ] Invol.[ ] Dismissed. No [ ] Yes [ ] If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)    NATURE OF SUIT

**TORTS**

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [x] 442 EMPLOYMENT
- [ ] 443 HOUSING/ ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 440 OTHER CIVIL RIGHTS

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 OTHER FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**IMMIGRATION**
- [ ] 462 NATURALIZATION APPLICATION
- [ ] 463 HABEAS CORPUS- ALIEN DETAINEE
- [ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 890 OTHER STATUTORY ACTIONS
- [ ] 891 AGRICULTURAL ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES

_Check if demanded in complaint:_

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DEMAND $_____ OTHER_____ JUDGE_____ DOCKET NUMBER_____

Check YES only if demanded in complaint
JURY DEMAND: [✓] YES [ ] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(PLACE AN x IN ONE BOX ONLY)                                                    ORIGIN

- [x] 1 Original Proceeding
- [ ] 2a. Removed from State Court
- [ ] 2b. Removed from State Court AND at least one party is pro se.
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from (Specify District)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judge Judgment

(PLACE AN x IN ONE BOX ONLY)    BASIS OF JURISDICTION

- [ ] 1 U.S. PLAINTIFF
- [ ] 2 U.S. DEFENDANT
- [x] 3 FEDERAL QUESTION (U.S. NOT A PARTY)
- [ ] 4 DIVERSITY

IF DIVERSITY, INDICATE CITIZENSHIP BELOW.
(28 USC 1322, 1441)

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)
(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Karl Cina, 27 Honeyflower Drive, Yardville, New Jersey 08620 in Mercer County

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Puerto Rican Family Institute, Inc., 145 West 15th Street, New York, NY 10011 in New York County and Hope for Families and Children Foundation, Inc., 145 West 15th Street, New York, NY 10011 in New York County

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [x] MANHATTAN
(DO NOT check either box if this a PRISONER PETITION.)

DATE 3/24/12   SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. Feb Yr. 2000)
Attorney Bar Code #GR5741

RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court.   MAG JUDGE COTT
Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

JUDGE FORREST

**12 CV 2276**

RESNICK LAW GROUP, PC
100 Eagle Rock Avenue, Suite 301
East Hanover, New Jersey 07936
(973) 781-1204
Gerald J. Resnick (GJR-5741)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KARL CINA<br><br>Plaintiff,<br><br>vs.<br><br>PUERTO RICAN FAMILY INSTITUTE, INC. and HOPE FOR FAMILIES AND CHILDREN FOUNDATION, INC.<br><br>Defendants. | Civil Action No.:<br><br>COMPLAINT AND JURY DEMAND |

[RECEIVED MAR 22 2012 U.S.D.C. S.D.N.Y. CASHIERS stamp]

Plaintiff, Karl Cina, residing at 27 Honeyflower Drive, Yardville, New Jersey 08620 by way of Complaint against the defendants, alleges and says as follows:

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4); the supplemental jurisdiction of this Court over state claims is invoked under 28 U.S.C. § 1367(a).

2. Venue is proper within this District because the unlawful practices complained of herein all occurred within the Southern District of New York.

3. The causes of actions alleged seek to redress acts of discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., New York Labor Law § 740, and New York Civil Service Law § 75-b.

4. The actions alleged herein were committed by the defendants and their officials, agents, and employees.

5. Prior to filing this civil action, Plaintiff filed a written charge under oath asserting reverse discrimination due to race and national origin with the Equal Employment Opportunity Commission (hereinafter "EEOC") within 300 calendar days of his termination.

6. On December 20, 2011, the EEOC issued a Notice of Right to Sue, which was received by Plaintiff on or about December 23, 2011.

## PARTIES

7. At all relevant times, the plaintiff, Karl Cina (hereinafter "Plaintiff" or "Plaintiff"), was employed as Controller by defendant Puerto Rican Family Institute, Inc. and by defendant Hope for Families and Children Foundation, Inc., until his unlawful termination on January 4, 2011. He is Caucasian, is a natural-born American, and is not of Puerto Rican or Latino descent.

8. At all relevant times, defendant Puerto Rican Family Institute, Inc. (hereinafter "PRFI") is a corporation with offices at 145 West 15th Street, New York, NY 10011, which employed Plaintiff as Controller until his unlawful termination on January 4, 2011.

9. At all relevant times, defendant Hope for Families and Children Foundation, Inc. (hereinafter "HFCF") is a corporation with offices at 145 West 15th Street, New York, NY 10011, which employed Plaintiff as Controller until his unlawful termination on January 4, 2011. HFCF is the supporting organization and fund raising arm of PRFI. (PRFI and HFCF are hereinafter collectively referred to as "Defendants.")

2

## FACTUAL BACKGROUND

10. At all relevant times, approximately 90% of PRFI's staff and approximately 75% of HFCF's staff were Latino, of which the majority is Puerto Rican.

11. At all relevant times, all of PRFI's Board members, and all but one of HFCF's Board members, were Latino, of which the majority is Puerto Rican.

12. On several occasions prior to Plaintiff's unlawful termination, employees of Latino descent, particularly those that were Puerto Rican, were treated more favorably than non-Latino, non-Puerto Rican employees.

13. For instance, Puerto Rican and other Latino employees were not terminated or disciplined for offenses such as theft, failing to oversee invoices, failing to cease payroll for separated employees, disclosing sensitive information, violating Medicaid and other federal and state regulations, violating company policies and procedures.

14. Moreover, at least one Puerto Rican employee raised concerns about the President/CEO's transgressions, and did not suffer retaliation.

15. At all relevant times until his unlawful termination, Mr. Cina, a Caucasian and natural-born American (not of Puerto Rican or Latino descent), served as Defendants' Controller. He had an outstanding record for 10 years, earned the company hundreds of thousands in generating new revenue, reduced expenses, and strongly contributed to the growth of PRFI's budget from $13 million to over $40 million.

16. On or about June 3, 2010, on information and belief, Dr. Mildred Allen, President of HFCF and Board member of PRFI who is Puerto Rican stated, in word or in substance: "All the Board members and people in key positions with PRFI are Latino. Then why isn't the Controller

3

Latino too. It's frustrating to me and other Board members that Mr. Cina doesn't speak Spanish and we have to translate for him into English all the time."

17.  Later in 2010, Plaintiff was unjustly chastised and disciplined for infractions he did not commit, while Latino and Puerto Rican employees were not disciplined for more serious and glaring misconduct.

18.  On November 29, 2010, Plaintiff met privately and confidentially with Mrs. Maria Elena Girone, President and CEO, to discuss numerous activities that he believed not only violate the Code of Ethics, Business Conduct and Internal Controls, but also numerous laws and state regulations.

19.  Among other disclosures and objections, Plaintiff raised the fact that Mrs. Girone charged on her corporate American Express in excess of $1,000 for a party held at her daughter's house to celebrate the appointment of the new Regional Director of Region 2 of the U.S. Department of Health and Human Services Administration for Children and Families. This was in violation of Head Start and Early Head Start policy and a conflict of interest.

20.  Among other disclosures and objections, Plaintiff raised the fact that Mrs. Girone received her daily $75 stipend for meals while she was out of town on business, even though she charged all of her meals on her corporate American Express card.

21.  Among other disclosures and objections, Plaintiff raised the fact that, at Mrs. Girone's directive, the company had previously purchased and then leased a vehicle for her exclusive use. Mrs. Girone had the company pay for her personal vehicle expenses, including gasoline, tolls, personal parking costs and moving violations, with her corporate American Express card and company checks.

4

22. Among other disclosures and objections, Plaintiff raised the fact that Mrs. Girone paid for her home Internet service on her corporate American Express card.

23. Among other disclosures and objections, Plaintiff raised the fact that Mrs. Girone had the company's maintenance staff work at her home on company time and at the company's expense.

24. Among other disclosures and objections, Plaintiff raised the fact that Mrs. Girone had the company's maintenance staff use another company vehicle to transport themselves to her home, depriving the residential programs from using the vehicle for entire weekends at a stretch in violation of New York State Office for People With Developmental Disabilities (formerly Office of Mental Retardation and Developmental Disabilities).

25. Among other disclosures and objections, Plaintiff raised the fact that Mrs. Girone forced employees to attend and pay for fundraising events, the annual gala, in particular, without paying for herself, family members or friends.

26. At the end of the conversation Mrs. Girone asked Plaintiff "How do you expect me to work with you after this?"

27. Plaintiff also raised his disclosures and objections with the company's Vice President, Elvira R. Gonzalez.

28. As detailed below, starting on or about December 14, 2010, Mrs. Girone began retaliating against Plaintiff as a result of the objections that he voiced.

29. Mrs. Girone also began discriminating against Plaintiff because he was Caucasian and/or a natural-born American and/or not of Puerto Rican or Latino descent.

5

30.     For instance, Mrs. Girone excluded Plaintiff from the company's scheduled Board Meeting. Plaintiff had always presented his fiscal report at each Board and Executive Committee Meeting. This was the only time in his nearly 10-year career with PRFI that Plaintiff was prohibited from attending a Board Meeting.

31.     In addition, on information and belief, Mrs. Girone defamed Plaintiff's character with the Board.

32.     Moreover, on December 24, 2010 Mrs. Girone gave Plaintiff a written warning indicating that he would be suspended for two weeks without pay, and placed him on "probation," wrongfully accusing him of violating a company policy.

33.     Finally, on January 4, 2011, Mrs. Girone summoned Plaintiff into her office and informed Plaintiff that the company had found "other matters of concern," and swiftly fired him.

34.     When Plaintiff asked what "other matters" she was referring to, Mrs. Girone refused to elaborate and told Plaintiff she had the right to terminate him at will. She then gave Plaintiff 15 minutes to collect his personal belongings and leave the premises.

35.     Defendants terminated Plaintiff's employment in retaliation for his objecting to Mrs. Girone's illegal and otherwise inappropriate behavior.

36.     Defendants terminated Plaintiff's employment because of his race and national origin – for being Caucasian and/or a natural-born American and/or not of Puerto Rican or Latino descent.

37.     Defendants even refused to pay Plaintiff the full amount due for his accrued, unused vacation time.

38. The Head Start and Early Head Start Policy Council (45 C.F.R. § 1304.50(d)(1)xi) did not approve Plaintiff's termination as required.

39. On information and belief, Mrs. Girone continues to speak ill of Plaintiff in meetings she has held individually and collectively with each of the company's middle managers after he was terminated.

40. At all times pertinent hereto, the discriminatory and retaliatory conduct of Defendants have caused Plaintiff to suffer extraordinary harm, including substantial loss of pay and benefits, including pension, health insurance, and unpaid sick and vacation days, extreme emotional and mental distress, and these and other damages.

41. Defendants' discriminatory and retaliatory actions toward Plaintiff were intentional and especially egregious.

### FIRST COUNT
*(Title VII Discrimination (Race) - in Violation of 42 U.S.C. § 2000e-2(a)(1))*

42. Plaintiff repeats and realleges each and every allegation set forth above, as if set forth at length herein.

43. Plaintiff, as a member of the Caucasian race, is protected from acts of reverse discrimination.

44. On or about January 4, 2011, Plaintiff was wrongfully discharged by Defendants because of his race.

45. Defendants' wrongful discharge of Plaintiff based upon race amounted to unlawful discrimination in violation of 42 U.S.C. § 2000e-2(a)(1).

**WHEREFORE**, plaintiff seeks Judgment against the Defendants as follows:

a. Compensatory damages, including past and future lost wages, salary, and employment benefi

7

    b.    Damages for emotional distress;

    c.    Pre-and post-judgment interest;

    d.    Reasonable costs, including attorney's fees, expert witness fees and other costs incurred in connection with this litigation;

    e.    Punitive damages; and

    f.    Such other and further relief as this Court deems equitable and just under the circumstances.

## SECOND COUNT
### (Title VII Discrimination (National Origin) - in Violation of 42 U.S.C. § 2000e-2(a)(1))

46.    Plaintiff repeats and realleges each and every allegation set forth above, as if set forth at length herein.

47.    On or about January 4, 2011, Plaintiff was wrongfully discharged by Defendants because of national origin.

48.    Defendants' wrongful discharge of Plaintiff based upon national origin amounted to unlawful discrimination in violation of 42 U.S.C. § 2000e-2(a)(1).

**WHEREFORE**, plaintiff seeks Judgment against the Defendants as follows:

    a.    Compensatory damages, including past and future lost wages, salary, and employment benefit

    b.    Damages for emotional distress;

    c.    Pre-and post-judgment interest;

    d.    Reasonable costs, including attorney's fees, expert witness fees and other costs incurred in connection with this litigation;

    e.    Punitive damages; and

    f.    Such other and further relief as this Court deems equitable and just under the circumstances.

### THIRD COUNT
*(New York Whistleblower Law - Violation of New York Labor Law § 740)*

49. Plaintiff repeats and realleges each and every allegation set forth above, as if set forth at length herein.

50. On or about January 4, 2011, Plaintiff was wrongfully discharged by Defendants because he disclosed to a supervisor an activity, policy, or practice of Defendants that was in violation of law, rule or regulation, which violation created and presented a substantial and specific danger to the public; and/or because he objected to, or refused to participate in any such activity, policy or practice in violation of a law, rule or regulation.

51. Plaintiff engaged in protected "whistleblower" activity.

52. Plaintiff suffered one or more adverse employment actions committed by Defendants.

53. There exists a causal link between Plaintiff's protected "whistleblower" activity and the adverse employment action(s) he suffered.

54. Defendants' wrongful discharge of Plaintiff based upon his protected "whistleblower" activity amounted to unlawful retaliation in violation of New York Labor Law § 740.

**WHEREFORE**, plaintiff seeks Judgment against the Defendants as follows:

a. Compensatory damages, including past and future lost wages, salary, and employment benefit

b. Damages for emotional distress;

c. Pre-and post-judgment interest;

d. Reasonable costs, including attorney's fees, expert witness fees and other costs incurred in connection with this litigation;

e. Punitive damages; and

9

  f. Such other and further relief as this Court deems equitable and just under the circumstances.

## FOURTH COUNT
### *(Breach of Contract)*

55. Plaintiff repeats and realleges each and every allegation set forth above, as if set forth at length herein.

56. At all relevant times prior to Plaintiff's unlawful termination, Defendants had in place a Whistleblower Protection Policy, which provided:

> No Board Member, corporate officer, director, manager, supervisor, employee or business associate who in good faith reports a violation of the Code shall suffer harassment, retaliation, or adverse employment consequences. An employee who retaliates against someone who has reported a violation in good faith is subject to discipline up to and including termination of employment.

57. Defendants took specific actions to make Plaintiff aware of such express, written policy.

58. Such express, written policy amounted to an enforceable agreement, binding Defendants to their promise that no employee who in good faith reports a violation of the Code shall suffer harassment, retaliation, or adverse employment consequences.

59. Plaintiff detrimentally relied on such policy.

60. On or about January 4, 2011, Plaintiff was wrongfully discharged by Defendants because he, in good faith, reported violations of the Code.

61. Plaintiff engaged in protected "whistleblower" activity.

62. Plaintiff suffered one or more adverse employment actions committed by Defendants.

63. There exists a causal link between Plaintiff's protected "whistleblower" activity and the adverse employment action(s) he suffered.

64. Defendants' wrongful discharge of Plaintiff based upon his protected "whistleblower" activity amounted to a breach of contract.

**WHEREFORE**, plaintiff seeks Judgment against the Defendants as follows:

a. Compensatory damages, including past and future lost wages, salary, and employment benefit

b. Damages for emotional distress;

c. Pre-and post-judgment interest;

d. Reasonable costs, including attorney's fees, expert witness fees and other costs incurred in connection with this litigation;

e. Punitive damages; and

f. Such other and further relief as this Court deems equitable and just under the circumstances.

## JURY DEMAND

The plaintiff hereby demands a trial by jury for all issues so triable.

Resnick Law Group, P.C.
**Attorney for Plaintiff**

Dated: March 2\_, 2012          By: _____
                                    Gerald J. Resnick, Esq.

11