UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
KARL CINA,                                          :
                                                    :
                    Plaintiff,                      :     Case No.: 12-cv-2276 (KBF) (JLC)
                                                    :
          v.                                        :     ECF Case
                                                    :
PUERTO RICAN FAMILY INSTITUTE,                      :
INC. and HOPE FOR FAMILIES AND                      :
CHILDREN FOUNDATION, INC.,                          :
                                                    :
                    Defendants.                     :
                                                    :
------------------------------------------------------------ X


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
## MOTION TO PARTIALLY DISMISS THE COMPLAINT


                              TANNENBAUM HELPERN SYRACUSE
                              & HIRSCHTRITT LLP
                              900 Third Avenue
                              New York, New York 10022
                              (212) 508-6700

                              *Attorneys for Defendants*


Dated:  May 1, 2012

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT .................................................................................... 1

STATEMENT OF FACTS ............................................................................................ 1

ARGUMENT ................................................................................................................. 3

I.     PLAINTIFF FAILS TO STATE A SECTION 740 CLAIM ............................................. 3

    A.    Plaintiff's Section 740 Claim is Barred by the Statute of Limitations ......................... 3

    B.    Plaintiff's Whistleblower Claim Should Be Dismissed Because the Complaint Fails to Allege Any Facts that Suggest Defendants' Conduct Amounted To a "Substantial and Specific Danger" to the Public ........................................................ 4

    C.    Plaintiff's Whistleblower Claim Should Be Dismissed Because the Plaintiff Fails to Plead and Demonstrate a Specific Violation of a Law or Regulation by Defendants ................................................................................................................ 6

    D.    Defendants Respectfully Request Reasonable Attorneys' Fees and Costs in Connection with Plaintiff's Section 740 Claim ......................................................... 8

II.    PLAINTIFF'S BREACH OF CONTRACT CLAIM IS BARRED BY HIS ELECTION OF REMEDIES ....................................................................................... 8

CONCLUSION ............................................................................................................. 12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Abdallah v. City of New York*, No. 95 Civ. 9247, 2001 U.S. Dist. LEXIS 2616
(S.D.N.Y. Mar. 16, 2001) ........................................................................................ 4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................ 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007) ........................................................ 3

*Blumenreich v. N. Shore Health Sys., Inc.*, 287 A.D.2d 529 (2nd Dep't 2001) ........... 7

*Bones v. Prudential Fin., Inc.*, 54 A.D.3d 589 (1st Dep't 2008) ................................. 9

*Bordan v. North Shore Univ. Hosp.*, 275 A.D.2d 335 (2nd Dep't 2000) .................... 10

*Cohen v. Hunter Coll.*, 80 A.D.3d 452 (1st Dep't 2011) ............................................. 7

*Collette v. St. Luke's Roosevelt Hosp.*, 132 F. Supp. 2d 256 (S.D.N.Y. 2001) ........... 11

*Connolly v. Harry Macklowe Real Estate Co., Inc.*, 161 A.D.2d 520 (1st Dep't 1990) ................. 7

*Controne v. Consolid. Edison Co.*, 50 A.D.3d 354 (1st Dep't 2008) ........................... 4

*Deshpande v. TJH Med. Servs., P.C.*, 52 A.D.3d 648 (2nd Dep't 2008) ................ 7, 9

*Frank v. Walgreens Co.*, 09 CV 955, 2011 U.S. Dist. LEXIS 109003
(E.D.N.Y. Sept. 26, 2011) .................................................................................. 5, 7

*Freese v. Willa*, 89 A.D.3d 795 (2nd Dep't 2011) ....................................................... 5

*Gardner v. Continuing Developmental Servs., Inc.*, 292 A.D.2d 838 (4th Dep't 2002) ............... 6

*Gray v. Shearson Lehman Bros., Inc.*, 947 F. Supp. 132 (S.D.N.Y. 1996) .................. 4

*Green v. Salvation Army*, No. 30437/03, 2008 N.Y. Misc. LEXIS 2908
(Sup. Ct., Kings Cty., May 5, 2008) ...................................................................... 7

*Green v. Saratoga A.R.C.*, 233 A.D.2d 821 (3rd Dep't 1996) ..................................... 6

*Hayes v. Staten Is. Univ. Hosp.*, 39 A.D.3d 593 (2nd Dep't 2007) ............................. 9

*Ielpi v. Ringling Bros.*, 287 A.D.2d 599 (2nd Dep't 2001) .......................................... 6

*Kaganowicz v. Booth Mem'l Med. Ctr.*, 215 A.D.2d 530 (2nd Dep't 1995) ................. 5

*Kern v. DePaul Mental Health Servs., Inc.*, 152 A.D.2d 957 (4th Dep't 1989),
*lv. denied*, 74 N.Y.2d 615 (1989) ......................................................................... 6

*Klein v. City of New York*, 10 Civ. 9568, 2011 U.S. Dist. LEXIS 125375
  (S.D.N.Y. Oct. 28, 2011) ................................................................................ 3

*Kramsky v. Chetrit Group, LLC*, 10 CV 2638, 2010 U.S. Dist. LEXIS 121351
  (S.D.N.Y. Nov. 16, 2010) ........................................................................ 10, 11

*Nadkarni v. N. Shore Long Is. Jewish Health Sys.*, 02-CV-5872,
  2003 U.S. Dist. LEXIS 26552 (E.D.N.Y. July 31, 2003) ...................................... 11

*Nicholls v. Brookdale Univ. Hosp. and Med. Ctr.*, 03-CV-6233,
  2004 U.S. Dist. LEXIS 12816 (E.D.N.Y. July 9, 2004) ...................................... 11

*Perez v. Wegman Cos.*, 181 A.D.2d 1010 (4th Dep't 1992) ........................................... 4

*Pipia v. Nassau County*, 34 A.D.3d 664 (2nd Dep't 2006) .................................... 5, 9

*Reddington v. Staten Is. Univ. Hosp.*, 11 N.Y.3d 80 (2008) ................................. 9

*Reddington v. Staten Is. Univ. Hosp.*, 511 F.3d 126 (2d Cir. 2007) ........................... 11

*Remba v. Federation Employment & Guidance Serv.*, 76 N.Y.2d 801, 802 (1990) ................. 5

*Reyes v. Energy Transp. Corp.*, 96 Civ. 3321, 1997 U.S. Dist. LEXIS 6864
  (S.D.N.Y. May 16, 1997) ............................................................................. 6, 7

*Rohlehr v. Brookdale Univ. Hosp. and Med. Ctr.*, 390 F. Supp. 2d 207 (E.D.N.Y. 2005) .......... 11

*Russek v. Dag Media, Inc.*, 47 A.D.3d 457 (1st Dep't 2008) ....................................... 4

*Swanston v. Pataki*, No. 97 Civ. 9406, 1999 U.S. Dist. LEXIS 10756
  (S.D.N.Y. July 15, 1999) ................................................................................ 4

**Statutes**
42 U.S.C. §§ 2000e *et seq.* ........................................................................ 1, 4

Federal Rules of Civil Procedure, Rule 12 ........................................................ 1

New York Labor Law Section 740 ........................................................... passim

New York Labor Law Section 741 ................................................................. 9

## PRELIMINARY STATEMENT

Defendants the Puerto Rican Family Institute, Inc. ("PRFI") and the Hope for Families and Children Foundation, Inc. ("HFCF") (PRFI and HFCF shall be collectively referred to herein as "Defendants") respectfully submit this memorandum of law in support of their motion to partially dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.[1]

This dispute arises out of Defendants' allegedly unlawful termination of Karl Cina's ("Plaintiff") employment on or about January 4, 2011. Plaintiff alleges that his termination resulted from (i) his public health and safety "whistleblowing" activities, in violation of Section 740 of the New York Labor Law ("Section 740") and in breach of Defendants' supposed "Whistleblower Protection Policy"; and (ii) race and national origin discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*

Simply put, Plaintiff is unable to state a claim upon which relief may be granted with respect to his Section 740 and breach of contract claims. Plaintiff's Section 740 claim should be dismissed because Plaintiff's Complaint fails to allege any facts to suggest that Defendants' conduct amounted to a substantial and specific danger to the public health or safety, or that Defendants violated a specific law or regulation. Plaintiff's Section 740 claim is also untimely. Finally, Plaintiff's breach of contract claim is barred by Plaintiff's election of remedies and should be dismissed.

## STATEMENT OF FACTS

PRFI and HFCF are New York non-profit organizations whose primary missions are to prevent family disintegration and enhance the self-sufficiency of the Latino community by,

---

[1] Specifically, Defendants seek dismissal of the Complaint's third ("Whistleblower Law – Violation of New York Labor Law § 740") and fourth ("Breach of Contract") causes of action.

among other things, providing family crisis intervention and education services. Plaintiff served as PRFI's controller until his termination on or about January 4, 2011. (Compl. ¶ 7.)

Apparently believing that he was terminated on the basis of his race and national origin (Compl. ¶¶ 42-48), as opposed to his work performance, Plaintiff filed a written charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Compl. ¶ 5.)

Plaintiff also asserts that Defendants violated Section 740 by allegedly terminating his employment because of his disclosure "to a supervisor [of] an activity, policy, or practice of Defendants that was in violation of law, rule or regulation, which violation created and presented a substantial and specific danger to the public; and/or because he objected to, or refused to participate in any such activity, policy or practice in violation of a law, rule or regulation." (Compl. ¶¶ 49-54.) Plaintiff's bald legal conclusion aside, the Complaint utterly fails to set forth any facts whatsoever to suggest that Defendants' alleged misconduct presented a *substantial* and *specific* danger to the public at large. Nor does the Complaint identify and/or demonstrate which specific laws or regulations Defendants' allegedly violated. Instead, Plaintiff merely asserts certain alleged financial abuses committed by Defendants' officers; that Defendants' conduct amounted to a "violation of Head Start and Early Head Start policy"; and that Defendants' maintenance staff used a "company vehicle," apparently "in violation of New York State Office for People With Developmental Disabilities (formerly Office of Mental Retardation and Developmental Disabilities)." (Compl. ¶¶ 19, 24.)

Plaintiff filed the Complaint on March 22, 2012, nearly a year and three months after his allegedly unlawful termination.

## ARGUMENT

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). While a court must generally credit the allegations in the complaint at the pleading stage, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Dismissal is required if the plaintiff has failed to allege facts sufficient to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

As set forth below, the Complaint fails to state any plausible claim for relief with respect to his Section 740 and breach of contract claims, and they are therefore subject to dismissal.

## I.   PLAINTIFF FAILS TO STATE A SECTION 740 CLAIM

### A.   Plaintiff's Section 740 Claim is Barred by the Statute of Limitations

Section 740 provides that "an employee who has been the subject of a retaliatory personnel action in violation of this section may institute a civil action ... within one year after the alleged retaliatory personnel action was taken." N.Y. Lab. L. § 740(4)(a).

Here, the basis for Plaintiff's Section 740 claim is his allegation that "[o]n or about January 4, 2011, Plaintiff was wrongfully discharged by Defendants ...." (Compl. ¶ 50.) However, Plaintiff commenced this action in March 2012 – well over one year after the alleged retaliatory personnel action against him. Thus, Plaintiff's Section 740 claim is untimely and should be dismissed. *See, e.g.*, *Klein v. City of New York*, 10 Civ. 9568, 2011 U.S. Dist. LEXIS 125375, at *29-30 (S.D.N.Y. Oct. 28, 2011) (adopted report and recommendation) ("Claims brought under the New York State Whistleblower Law are subject to a one-year limitations period .... These claims are thus all untimely."); *Russek v. Dag Media, Inc.*, 47 A.D.3d 457, 458

(1st Dep't 2008) ("because this action was commenced more than a year after plaintiff's termination, the complaint was properly dismissed as time-barred"); *Perez v. Wegman Cos.*, 181 A.D.2d 1010 (4th Dep't 1992) ("The action is time-barred by the one-year Statute of Limitations of Labor Law § 740 (4)(a).").

Moreover, the Plaintiff's filing of a charge of discrimination with the EEOC does not toll the period for commencing a Section 740 action. *See, e.g., Abdallah v. City of New York*, No. 95 Civ. 9247, 2001 U.S. Dist. LEXIS 2616, at *16-17 (S.D.N.Y. Mar. 16, 2001) (rejecting the plaintiff's theory that the filing of an EEOC charge tolled the statute of limitations with respect to his state civil service whistleblower claim); *Swanston v. Pataki*, No. 97 Civ. 9406, 1999 U.S. Dist. LEXIS 10756, at *17-19 (S.D.N.Y. July 15, 1999) (observing that "the Whistleblower cause of action incorporates policies, elements and remedies distinct from those of Title VII" and "reject[ing] Plaintiff's argument that the statute should be tolled for the duration of time her EEOC Charge was pending"); *Gray v. Shearson Lehman Bros., Inc.*, 947 F. Supp. 132, 137 (S.D.N.Y. 1996) (dismissing as time-barred the plaintiff's Section 740 claim and rejecting the argument that the limitations period should be tolled during the pendency of an EEOC charge).

Accordingly, the Plaintiff's Section 740 claim is untimely and should be dismissed.

B.    <u>Plaintiff's Whistleblower Claim Should Be Dismissed Because the Complaint Fails to Allege Any Facts that Suggest Defendants' Conduct Amounted To a "Substantial and Specific Danger" to the Public</u>

Section 740 prohibits a private employer from retaliating against an employee who discloses to a supervisor or appropriate authority that the employer is in violation of a law, rule or regulation, resulting in a "*substantial* and *specific* danger" to the public. N.Y. Lab. L. § 740(2)(a) (emphasis supplied). In this regard, Section 740 "envisions a certain quantum of dangerous activity before its remedies are implicated." *Controne v. Consolid. Edison Co.*, 50 A.D.3d 354, 354-55 (1st Dep't 2008) (although "leaving tanker trucks with hazardous materials

4

unattended on public street violated 49 C.F.R. § 397.5, this violation did not create a substantial and specific danger to the public health or safety," but rather constituted "mere speculation"). For example, the New York Court of Appeals and Appellate Divisions have made clear that allegations of financial fraud or misappropriation are insufficient to state a Section 740 claim. *See, e.g., Remba v. Federation Employment & Guidance Serv.*, 76 N.Y.2d 801, 802 (1990) (concluding that fraudulent billing "is not the type of violation which creates a substantial and specific danger to the public health or safety"); *Freese v. Willa*, 89 A.D.3d 795, 795-96 (2nd Dep't 2011) (where the plaintiff alleged that she was retaliated against for reporting to her supervisor employees' misappropriation of funds, "the complaint does not allege a violation which would threaten the health or safety of the public at large"); *Pipia v. Nassau County*, 34 A.D.3d 664, 666 (2nd Dep't 2006) ("Here, the asserted violations of law consisted of allegedly improper and corrupt purchasing practices at the public institution by which the plaintiff was employed. Since such conduct relates to financial impropriety only, and did not pose a substantial and specific danger to the public health, it was not sufficient to sustain a cause of action alleging a violation of Labor Law § 740(2)."); *Kaganowicz v. Booth Mem'l Med. Ctr.*, 215 A.D.2d 530 (2nd Dep't 1995) (allegedly unlawful billing practices of hospital was not a substantial and specific danger to the public).

Moreover, the alleged dangerous activity must threaten the public, and not merely a discrete group of individuals. *See, e.g., Frank v. Walgreens Co.*, 09 CV 955, 2011 U.S. Dist. LEXIS 109003, at *14 (E.D.N.Y. Sept. 26, 2011) ("it is clear that any danger posed to the child himself does not constitute a 'danger to the public health or safety'; this element of Section 740 'has generally been narrowly construed to apply to the public at large'") (internal citations omitted); *Gardner v. Continuing Developmental Servs., Inc.*, 292 A.D.2d 838, 838-39 (4th Dep't

2002) (alleged neglect and abuse of developmentally disabled residents by staff members, which was reported by plaintiff, did not present a substantial and specific danger to the public health or safety); *Ielpi v. Ringling Bros.*, 287 A.D.2d 599 (2nd Dep't 2001) ("the plaintiff failed to state a cause of action to recover damages for a violation of Labor Law § 740 since she did not allege a threat to the public at large"); *Reyes v. Energy Transp. Corp.*, 96 Civ. 3321, 1997 U.S. Dist. LEXIS 6864, at *10 (S.D.N.Y. May 16, 1997) ("The threat to public safety has generally been narrowly construed to apply to the public at large."); *Green v. Saratoga A.R.C.*, 233 A.D.2d 821, 822-23 (3rd Dep't 1996) (plaintiff, who was discharged after reporting employee drug use at a developmentally disabled client care facility, could not sustain a Section 740 claim because "[w]hile the alleged misconduct may have posed a danger to certain individual residents of the facility, plaintiff has completely failed to show that it posed a danger to the public"); *Kern v. DePaul Mental Health Servs., Inc.*, 152 A.D.2d 957, 957-58 (4th Dep't 1989) (allegations merely related to "a danger to the health or safety of the individual patient, but did not threaten the health or safety of the public at large"), *lv. denied*, 74 N.Y.2d 615 (1989).

Here, Plaintiff fails to set forth in the Complaint any facts whatsoever to support his bald legal conclusion that he had disclosed to the Defendants a "violation [which] created and presented a substantial and specific danger to the public ...." (Compl. ¶ 50.) That is, Plaintiff does not allege any activities that are dangerous to the public, or which present a *substantial* and *specific* risk to the public health or safety.

Accordingly, the Plaintiff's Section 740 claim should be dismissed.

C.      Plaintiff's Whistleblower Claim Should Be Dismissed Because the Plaintiff Fails to Plead and Demonstrate a Specific Violation of a Law or Regulation by Defendants

A plaintiff seeking relief under Section 740 must plead and establish with specificity and particularity the law or regulation purportedly violated by the defendant that gave rise to the

plaintiff's whistleblowing activity. In this regard, identifying and referencing the specific law that the defendant is alleged to have violated is a "predicate to the maintenance of a cause of action under Section 740." *Green v. Salvation Army*, No. 30437/03, 2008 N.Y. Misc. LEXIS 2908, at *10 (Sup. Ct., Kings Cty., May 5, 2008) (holding that "Plaintiffs, by failing to state which law, rule or regulation TSA purportedly violated, have not asserted a valid cause of action under Labor Law § 740."); *see also*, *Frank v. Walgreens*, 2011 U.S. Dist. LEXIS 109003, at *12-14 (plaintiff's Section 740 claim fails because, with respect to the New York Department of Education's Rules of the Board of Regents, plaintiff "provides no elaboration … as to how these Rules apply to govern defendant's conduct or which provision of these Rules defendant has allegedly violated."); *Reyes*, 1997 U.S. Dist. LEXIS 6864, at *8-10 (finding plaintiff's allegation that defendant "violated the Jones Act," without more, did not support a claim under Section 740 because "plaintiff must identify a specific law, rule or regulation, the violation of which he disclosed or threatened to disclose"); *Cohen v. Hunter Coll.*, 80 A.D.3d 452 (1st Dep't 2011) ("The motion court correctly determined that plaintiff failed to plead that defendants violated a 'law, rule or regulation.'") (internal quotation marks omitted); *Deshpande v. TJH Med. Servs., P.C.*, 52 A.D.3d 648, 650 (2nd Dep't 2008) ("Here, plaintiff failed to allege a violation of any law, rule, or regulation with the requisite particularity and specificity necessary to support a cause of action under Labor Law § 740."); *Blumenreich v. N. Shore Health Sys., Inc.*, 287 A.D.2d 529 (2nd Dep't 2001) (same); *Connolly v. Harry Macklowe Real Estate Co., Inc.*, 161 A.D.2d 520 (1st Dep't 1990) (same).

Here, the Complaint fails to identify the specific laws or regulations that Plaintiff believes Defendants violated in connection with his alleged whistleblowing. Instead, Plaintiff merely states that he disclosed that Defendants: "violate[d] the Code of Ethics, Business Conduct and

7

Internal Controls" and "numerous laws and state regulations"; violated "Head Start and Early Head Start policy"; and engaged in conduct "in violation of *[sic]* New York State Office for People With Developmental Disabilities (formerly *[sic]* Office of Mental Retardation and Developmental Disabilities)." (Compl. ¶¶ 18-19, 24.) Thus, Plaintiff has failed to plead and demonstrate a specific violation of the law or regulation as required by Section 740.

Accordingly, the Plaintiff's Section 740 claim should be dismissed.

D.     <u>Defendants Respectfully Request Reasonable Attorneys' Fees and Costs in Connection with Plaintiff's Section 740 Claim</u>

Section 740 provides that "[a] court, in its discretion, may also order that reasonable attorneys' fees and court costs and disbursements be awarded to an employer if the court determines that an action brought by an employee under this section was without basis in law or in fact." N.Y. Lab. L. § 740(6).

Here, with respect Plaintiff's Section 740 claim, which is time-barred, Plaintiff does not even *attempt* to plead any facts to suggest that the Defendants engaged in any dangerous activity or that a particular law or regulation was violated.

Accordingly, and in accordance with Section 740(6), the Defendants respectfully request reasonable attorneys' fees and costs in connection with preparing Defendants' response to Plaintiff's Section 740 claim.

## II.     PLAINTIFF'S BREACH OF CONTRACT CLAIM IS BARRED BY HIS ELECTION OF REMEDIES

Plaintiff also seeks relief under a breach of contract theory, stemming from Defendants' alleged breach of a purported "Whistleblower Protection Policy." (Compl. ¶ 56.) However, by asserting a Section 740 claim in his Complaint, Plaintiff's breach of contract claim is barred by his election of remedies.

Section 740 provides, in relevant part, "the institution of an action in accordance with this section shall be deemed a waiver of the rights and remedies available under any other contract, collective bargaining agreement, law, rule or regulation or under the common law." N.Y. Lab. L. § 740(7). Indeed, the New York Court of Appeals has made clear that:

> [t]he plain text of this provision indicates that 'institut[ing]' an action – without anything more – triggers waiver. And in New York, an action is instituted with the filing of a complaint and service upon opposing parties. Moreover, documents in the Bill Jacket repeatedly refer section 740(7) as an election-of-remedies provision, thus contemplating that a plaintiff will *choose* whether to file a section 740 whistleblower claim or some other claim."

*Reddington v. Staten Is. Univ. Hosp.*, 11 N.Y.3d 80, 87 (2008) (emphasis in original) (holding narrowly, however, that the Plaintiff could proceed with a Section 741 whistleblower claim due to the "uniquely interconnected elements" of Section 740 and 741). The Court of Appeals in *Reddington* also rejected the plaintiff's argument that the filing of a time-barred Section 740 claim, or amending a complaint to omit a Section 740 claim, precludes waiver. *Id.* at 87-88.

Thus, New York courts have repeatedly dismissed as barred by an election of remedies a Section 740 plaintiff's additional causes of action that arise from the same allegedly unlawful discharge. *Bones v. Prudential Fin., Inc.*, 54 A.D.3d 589 (1st Dep't 2008) (plaintiff's institution of Section 740 action constituted a waiver of his other causes of action, including his claim for promissory estoppel, and "[s]uch a waiver may not be avoided by a plaintiff by amending the complaint, to withdraw the Labor Law § 740 claim."); *Deshpande*, 52 A.D.3d at 651 ("Because the plaintiff asserted a claim for retaliatory discharge pursuant to Labor Law § 740 under the third cause of action, he waived other causes of action related to the alleged retaliatory discharge."); *Hayes v. Staten Is. Univ. Hosp.*, 39 A.D.3d 593 (2nd Dep't 2007) ("Since the contract causes of action arise from the allegedly unlawful discharge, the Supreme Court should have dismissed those causes of action pursuant to Labor Law § 740(7) ...."); *Pipia*, 34 A.D.3d at

9

666-67 (2nd Dep't 2006) ("[t]he second through eighth causes of action alleged in the complaint, all of which arise from the allegedly unlawful discharge, should have been dismissed insofar as asserted against the appellants pursuant to Labor Law § 740(7)" because "[t]he mere commencement of an action under Labor Law § 740(4) thus acts as an election of remedies, waiving other causes of action relating to the alleged retaliatory discharge, irrespective of the disposition of such claims"); *Bordan v. North Shore Univ. Hosp.*, 275 A.D.2d 335, 336 (2nd Dep't 2000) ("The plaintiff's cause of action against the hospital to recover damages for breach of contract arose from the Labor Law § 740 cause of action, and, therefore, was properly dismissed ....").

Here, Plaintiff seeks relief arising from his discharge under both Section 740 and breach of contract theories. (*Compare* Compl. ¶ 50 ("Plaintiff was wrongfully discharged by Defendants ..." as a result of alleged whistleblowing in violation of Section 740), and Compl. ¶ 60 (breach of contract occurred when "Plaintiff was wrongfully discharged by Defendants because he, in good faith, reported violations of the [Whistleblower Protection] Code").) Accordingly, Plaintiff's breach of contract is barred by his election of remedies and should be dismissed.

In urging that this Court dismiss Plaintiff's breach of contract claim as barred by his election of remedies, we are mindful that some federal courts have construed the Section 740(7) waiver provision more narrowly than their state court counterparts. For instance, in *Kramsky v. Chetrit Group, LLC*, 10 CV 2638, 2010 U.S. Dist. LEXIS 121351 (S.D.N.Y. Nov. 16, 2010), Judge Baer observed that while "the New York state courts look at whether the other causes of action asserted arise out of the same 'underlying claim,'" more often federal courts have concluded that "'the waiver provision ... should be read to require employees who invoke its protection to waive only other legal rights and remedies that protect against the same wrong that

the statute itself prohibits.'" *Id.* at \*12-13 (internal quotation marks omitted) (quoting *Collette v. St. Luke's Roosevelt Hosp.*, 132 F. Supp. 2d 256, 262 (S.D.N.Y. 2001) (recognizing, however, that Section 740(7) nevertheless prohibits "claims that duplicate or overlap the statutory remedies for retaliation on account of whistleblowing activity alone")); *see also Reddington v. Staten Is. Univ. Hosp.*, 511 F.3d 126, 134 (2d Cir. 2007) (observing in dicta that "Federal district courts, in contrast, generally interpret the waiver as applying 'only to rights and remedies concerning whistleblowing,' *Collette*, 132 F. Supp. 2d at 274").

In any event, even if this Court were to reject the New York state courts' interpretation of Section 740(7), it is clear that Plaintiff's breach of contract claim should be dismissed as barred by his election of remedies because the basis for both his breach of contract claim and his Section 740 is the same: his alleged discharge resulting from whistleblowing activity. *See, e.g., Kramsky*, 2010 U.S. Dist. LEXIS 121351, at \*13-16 (agreeing with the standards set forth in *Collette*, but dismissing various claims as a "thinly veiled recasting of the retaliation claim made pursuant to section 740"); *Rohlehr v. Brookdale Univ. Hosp. and Med. Ctr.*, 390 F. Supp. 2d 207, 211 (E.D.N.Y. 2005) (plaintiff's breach of contract claim, based upon the defendants' alleged violation of an employee handbook policy, was waived by the plaintiff's commencement of a Section 740 action); *Nicholls v. Brookdale Univ. Hosp. and Med. Ctr.*, 03-CV-6233, 2004 U.S. Dist. LEXIS 12816, at \*19 (E.D.N.Y. July 9, 2004) (agreeing with the standards set forth in *Collette*, but nevertheless dismissing the plaintiff's breach of employee handbook contract claim because "[t]o the extent that defendants' alleged breach of their contractual duties arise from the alleged retaliatory actions (termination), plaintiff has waived the right to bring suit pursuant to section 740(7)."); *Nadkarni v. N. Shore Long Is. Jewish Health Sys.*, 02-CV-5872, 2003 U.S. Dist. LEXIS 26552, at \*16-17 (E.D.N.Y. July 31, 2003) (observing *Collette*, but finding that

11

"[t]his Court has no choice but to dismiss Plaintiff's causes of action pursuant to the ADA and the New York HRL as waived by New York Labor Law Section 740(7)" because "[t]he facts surrounding her claims for relief pursuant to the ADA and the NYSHRL are the exact same facts as those surrounding her claim for relief pursuant to the Whistleblowing Statute").

Accordingly, Plaintiff's breach of contract claim is barred by his election of remedies pursuant to New York Labor Law § 740(7) and should be dismissed.

## CONCLUSION

Defendants respectfully submit that this Court should dismiss the Plaintiff's Section 740 and breach of contract claims with prejudice and without leave to amend, and should award Defendants attorneys' fees and costs and such other and further relief as is just and proper.

Dated: New York, New York
       May 1, 2012

TANNENBAUM HELPERN SYRACUSE
& HIRSCHTRITT LLP

By: _____
    Andrew W. Singer

900 Third Avenue
New York, New York 10022
Telephone: (212) 508-6700
Facsimile: (212) 371-1084
singer@thsh.com

*Attorneys for Defendants*

12