UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
KARL CINA,

              Plaintiff,                        Case No.: 12-cv-2276 (KBF) (JLC)

       v.                                 ECF Case

PUERTO RICAN FAMILY INSTITUTE,     **ANSWER**
INC. and HOPE FOR FAMILIES AND
CHILDREN FOUNDATION, INC.,

              Defendants.

------------------------------------------------------------ X

       Defendants the Puerto Rican Family Institute, Inc. ("PRFI") and Hope for Families and Children Foundation, Inc. ("HFCF") (collectively, the "Defendants"), by its attorneys Tannenbaum Helpern Syracuse & Hirschtritt LLP, as and for their Answer to Karl Cina's ("Plaintiff") Complaint, dated March 22, 2012 (the "Complaint"), respectfully allege as follows:

### JURISDICTION AND VENUE

       1.     For its response to the allegations contained in paragraph 1 of the Complaint, Defendants respectfully refer the Court to the statutory provisions referenced therein for their terms, content and meaning.

       2.     Defendants admit that venue is proper within this District, except deny the remaining allegations contained in paragraph 2 of the Complaint.

       3.     For its response to the allegations contained in paragraph 3 of the Complaint, Defendants respectfully refer the Court to the statutory provisions referenced therein for their terms, content and meaning, except Defendants deny that any act of discrimination took place.

       4.     Defendants deny the allegations contained in paragraph 4 of the Complaint.

       5.     Defendants deny knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 5 of the Complaint, except admit Plaintiff filed a written charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

6. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint, except admit that the EEOC issued Plaintiff a Notice of Right to Sue.

## PARTIES

7. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint, except deny that Plaintiff was unlawfully terminated. Defendants admit that Plaintiff served as Defendants' Controller.

8. Defendants deny the allegations contained in paragraph 8 of the Complaint, except admit that PRFI has a business address at 145 W. 15th Street, New York, NY 10011.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint, except admit that HFCF has a business address at 145 W. 15th Street, New York, NY 10011.

## FACTUAL BACKGROUND

10. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny information or knowledge sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint, but deny that Plaintiff suffered any adverse employment action on account of his race or national origin.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint, but admit that Plaintiff was terminated on or about January 4, 2011.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

## FIRST COUNT
*(Title VII Discrimination (Race) – in Violation of 42 U.S.C. § 2000e-2(a)(1))*

42. In response to paragraph 42 of the Complaint, Defendants repeat and reallege each and every response to paragraphs 1 through 41 of the Complaint with the same force and effect as if set forth at length herein.

43. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

## SECOND COUNT
*(Title VII Discrimination (National Origin) – in Violation of 42 U.S.C. § 2000e-2(a)(1))*

46. In response to paragraph 46 of the Complaint, Defendants repeat and reallege each and every response to paragraphs 1 through 45 of the Complaint with the same force and effect as if set forth at length herein.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

## THIRD COUNT
*(New York Whistleblower Law – Violation of New York Labor Law § 740)*

49. The Third Count has been voluntarily dismissed with prejudice by the Plaintiff pursuant to the stipulation between the parties, which was so ordered by the Court on June 1,

2012 (the "Stipulation").

## FOURTH COUNT
### *(Breach of Contract)*

50. The Fourth Count has been voluntarily dismissed with prejudice by the Plaintiff pursuant to the Stipulation.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

51. The Complaint fails to establish a *prima facie* case of race or national origin discrimination.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

52. Any job-related actions or decisions that may have been made by the Defendants with respect to Plaintiff, including, without limitation, his termination, were based upon legitimate non-discriminatory and non-pretextual reasons, and not due to Plaintiff's race or national origin.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

53. The Complaint is barred, in whole or in part, by the relevant statutes of limitation.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

54. The Complaint is barred, in whole or in part, by the Plaintiff's failure to exhaust administrative remedies.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

55. Plaintiff has failed to mitigate the damages, if any, Plaintiff claims against Defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

56. Defendants did not act with malice or reckless indifference to Plaintiff's protected rights within the meaning of 42 U.S.C. § 1981a(b)(1).

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

57. Plaintiff's claims for damages, if any, against Defendants are subject to the statutory limits set forth in 42 U.S.C. § 1981a(b)(3).

**WHEREFORE**, Defendants respectfully request a judgment dismissing the Complaint with prejudice and for such other and further relief that the Court deems just and proper.

Dated: New York, New York
June 21, 2012

TANNENBAUM HELPERN SYRACUSE
& HIRSCHTRITT LLP

By: _____
Andrew W. Singer

900 Third Avenue
New York, New York 10022
Telephone: (212) 508-6700
Facsimile: (212) 371-1084
singer@thsh.com

*Attorneys for Defendants*