UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
KARL CINA,

               Plaintiff,

               v.

PUERTO RICAN FAMILY INSTITUTE,
INC. and HOPE FOR FAMILIES AND
CHILDREN FOUNDATION, INC.,

               Defendants.

------------------------------------------------------------- X

Case No.: 12-cv-2276 (KBF)

ECF Case

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

TANNENBAUM HELPERN SYRACUSE
& HIRSCHTRITT LLP
900 Third Avenue
New York, New York 10022
(212) 508-6700
Andrew W. Singer
Jason B. Klimpl

*Attorneys for Defendants*

Dated: August 2, 2012

## PRELIMINARY STATEMENT

Defendants the Puerto Rican Family Institute, Inc. ("PRFI") and the Hope for Families and Children Foundation, Inc. ("HFCF") (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the Second Amended Complaint ("Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Accompanying this memorandum of law is the Declaration of Andrew W. Singer, dated August 2, 2012 ("Singer Decl.").

This dispute arises out of Defendants' allegedly unlawful termination of Karl Cina's ("Plaintiff") employment on or about January 4, 2011. Specifically, Plaintiff posits that – after Plaintiff served as the Defendants' Controller for ten years (Am. Compl. ¶ 15) – Defendants suddenly terminated his employment on the basis of his race and national origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the New York State Human Rights Law, N.Y. Exec. L. §§ 290 *et seq.* ("NYSHRL").

Simply put, Plaintiff is unable to state a claim upon which relief may be granted because his allegations are entirely speculative and conclusory, and common sense renders his discrimination claim implausible.

## STATEMENT OF RELEVANT FACTS

### Procedural Background

Plaintiff commenced the instant action by filing a complaint against the Defendants on March 22, 2012 (the "Original Complaint") (See Ex. 1 to Singer Decl.). In his Original Complaint, Plaintiff alleged that he engaged in certain whistleblowing activities and that, in response to such whistleblowing, PRFI's President and CEO then "***began*** discriminating against Plaintiff because he was Caucasian ...." (Original Compl. ¶ 28) (emphasis added). That is, Plaintiff alleged race-based disparate treatment because "at least one Puerto Rican Employee

1

[who] raised concerns about the President/CEO's transgressions ... did not suffer retaliation." (Original Compl. ¶ 14). Thus, the crux of Plaintiff's Original Complaint was that, unlike Latino employees, Plaintiff was terminated for objecting to the President and CEO's business practices. Plaintiff alleged that this retaliation for whistleblowing also amounted to a violation of Section 740 of the New York Labor Law (Original Compl. ¶ 54) and breached Defendants' purported "Whistleblower Protection Policy." (Original Compl. ¶ 60).

On May 1, 2012, Defendants moved to dismiss the Plaintiff's whistleblower and breach of contract claims. However, the parties stipulated that the whistleblower and breach of contract claims were dismissed with prejudice, which the Court so-ordered on June 1, 2012. (See Ex. 2 to Singer Decl.). Defendants submitted an answer dated June 21, 2012.

The Court held an initial conference with the parties' counsel on June 28, 2012. At the conference, the Court informed counsel that the Plaintiff would have the opportunity to serve an amended complaint by July 13, 2012, and that the Defendants would then have the opportunity to answer or move to dismiss the amended complaint by August 2, 2012.

### The Amended Complaint

Plaintiff's counsel electronically filed the Amended Complaint on July 20, 2012. (See Exhibit 3 to Singer Decl.). The Amended Complaint contains substantially the same allegations as the Original Complaint, albeit with a few important distinctions. First, the Amended Complaint entirely omits any allegation that Plaintiff was subjected to disparate treatment or discrimination with respect to any alleged whistleblower activities. Second, Plaintiff now asserts in conclusory fashion that "Defendants terminated Plaintiff's employment because of his race and national origin ... and had a *pattern* of dismissing non-Latino employees and replacing them with persons of Puerto Rican and/or Latino descent ...." (Am. Compl. ¶ 25) (emphasis added).

2

Third, Plaintiff now generally claims that he was "constantly discriminated against." (Am. Compl. ¶ 20) (and omits the allegation in the Original Complaint that Defendants "began" discriminating against him after his whistleblowing). And finally, Plaintiff now adds an additional cause of action under the NYSHRL. (Am. Compl. ¶ 35-37).

## ARGUMENT

### I.   APPLICABLE STANDARDS

#### Motion to Dismiss

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted). That is, Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79; *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) ("[D]iscovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim.").

3

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *Twombly*, 550 U.S. at 570 (where plaintiffs have not "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed").

### **Discrimination Claims**

In the absence of direct evidence of discrimination, a Title VII plaintiff must allege "membership in a protected class, qualification for his position, an adverse employment action, and circumstances that support an inference of discrimination." *Gorokhovsky v. City of N.Y.*, No. 10-8848, 2011 U.S. Dist. LEXIS 54941, at *17 (S.D.N.Y. May 19, 2011); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Although a plaintiff need not establish a *prima facie* case of discrimination at the pleading stage (*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)), the court nevertheless considers the elements of a *prima facie* case to determine whether the claim is facially plausible and whether the complaint provides fair notice to the defendants of the basis for the claim. *Anderson v. Davis Polk & Wardwell LLP*, No. 10-9338, 2012 U.S. Dist. LEXIS 30762, at *8 (S.D.N.Y. Mar. 5, 2012). The framework for analyzing discrimination claims under Title VII and the NYSHRL is the same. See, *e.g., Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010); *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 498 n.1 (2d Cir. 2009); *Ortiz v. Std. & Poor's*, No. 10-8490, 2011 U.S. Dist. LEXIS 99122, *9 (S.D.N.Y. Aug. 29, 2011).

## II.  THE AMENDED COMPLAINT IS IMPLAUSIBLE ON ITS FACE

Plaintiff alleges that he was wrongfully discharged by Defendants on the basis of his race and national origin. (Am. Compl. ¶¶ 30, 33).

*Twombly* and *Iqbal* instruct that the complaint must contain facts sufficient to raise a right to relief above the speculative level to a plausible level. *Iqbal*, 556 U.S. at 678 (the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully"). Here, a common sense reading of the Amended Complaint results in the conclusion that Plaintiff's allegations are simply implausible.

### Plaintiff's Ten-Year Tenure Renders His Claim Implausible

Plaintiff's own allegations belie any plausible argument that the Defendants harbored some form of racial animus against him, or that Defendants plotted to terminate his employment and replace him with a Latino employee. Plaintiff acknowledges that he was employed by the Defendants for ***ten years***. (Am. Compl. ¶ 15). It defies common sense that the Defendants would employ Plaintiff for ten years, yet suddenly determine that Plaintiff should be terminated and/or replaced as a result of his race or national origin.

### Plaintiff Fails to Allege Any Facts to Support His Theory

While Plaintiff theorizes that Defendants had a "pattern" of dismissing non-Latino employees and replacing them with persons of Latino descent, Plaintiff fails to supply a single example in this pattern. Indeed, Plaintiff even fails to allege (and could not allege) that ***he*** was replaced by a Latino employee.

The only allegation in the Amended Complaint that could conceivably support Plaintiff's theory is that on or about June 3, 2010, "upon information and belief," an individual named Dr. Mildred Allen "in word or in substance" made the following statement: "All the Board members

5

and people in key positions with PRFI are Latino. Then why isn't the Controller Latino too. [*sic*] It's frustrating to me and other Board members that Mr. Cina doesn't speak Spanish and we have to translate for him into English all the time." (Am. Compl. ¶ 16).[1]

As noted above, however, Plaintiff never alleges (and could not allege) that he was in fact replaced by a Latino or Spanish-speaking employee, undercutting the supposed importance of the statement upon which Plaintiff now relies. See, *e.g.*, *Bampoe v. Coach Stores, Inc.*, 93 F. Supp. 2d 360, 371 (S.D.N.Y. 1999) (recommending dismissal of discriminatory discharge claim pursuant to 12(b)(6) where "Plaintiff has failed to show that the position was ultimately filled by a person not of the protected class[, which] undermines his attempt to establish a *prima facie* case of Title VII discrimination") (citing *Estepa v. Shad*, 652 F. Supp. 567, 570 n.5 (E.D.N.Y. 1987) ("Absent other facts from which inferences may be drawn, unless a Title VII plaintiff is replaced by a member of a nonprotected class, proof of intentional discrimination appears extremely difficult, if not practically impossible.")).

### The Amended Complaint is Inconsistent

Plaintiff also now alleges that "Plaintiff was *constantly* discriminated against because he was Caucasian …." (Am. Compl. ¶ 20) (emphasis added).[2] However, in the very next paragraph Plaintiff admits that never before "in his nearly 10-year career with PRFI" had Plaintiff ever been excluded from a board meeting. (Am. Compl. ¶ 21). Nor does Plaintiff allege in the

---

[1] Notably, Plaintiff fails to provide the basis for his "information and belief" that this purported direct quote was ever made. See *Gorokhovsky*, 2011 U.S. Dist. LEXIS 54941 at *19 (plaintiff fails to state discrimination claim where "Plaintiff provide[d] the Court with no facts whatsoever to support his allegations" made upon information and belief because "such allegations must be 'accompanied by a statement of the facts upon which the belief is founded'") (quoting *Prince v. Madison Square Garden*, 427 F. Supp. 2d 372, 385 (S.D.N.Y. 2006)).

[2] Compare, Original Compl. ¶ 29 (The President/CEO "*began* discriminating against Plaintiff because he was a Caucasian" in late 2010 after his alleged whistleblowing activities) (emphasis added).

6

Amended Complaint that he – at any time during his ten-year tenure – ever complained to the Defendants about this "constant" discrimination.

### III. PLAINTIFF'S AMENDED COMPLAINT IS RIFE WITH CONCLUSIONS THAT ARE INSUFFICIENT TO STATE A CLAIM

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth ...." *Iqbal*, 556 U.S. at 679.

Here, Plaintiff's Amended Complaint contains a litany of bald conclusions, which are insufficient to state a claim. Among other allegations contained in the Amended Complaint, Plaintiff concludes that:

- "... employees of Latino descent, particularly those that were Puerto Rican, were treated more favorably than non-Latino, non-Puerto Rican employees." (Am. Compl. ¶ 12).

- certain unnamed Program Directors, because of their race or national origin, were not disciplined despite performance issues. (Am. Compl. ¶¶ 18 ("However, because he was of Puerto Rican descent he was not disciplined in any manner") and 19 ("because he was Latino, no reprimand or other adverse action befalled [*sic*] him.")).

- "... Plaintiff was constantly discriminated against because he was Caucasian and/or a natural-born American and/or not of Puerto Rican or Latino descent." (Am. Compl. ¶ 20).

- "Defendants terminated Plaintiff's employment because of his race and national origin – for being Caucasian and/or a natural-born American and/or not of Puerto Rican or Latino descent ...." (Am. Compl. ¶ 25).

- "Defendants' discriminatory and retaliatory actions toward Plaintiff were intentional and especially egregious." (Amended Compl. ¶ 27).

- "...Plaintiff was wrongfully discharged by Defendants because of his [race and/or national origin]." (Am. Compl. ¶¶ 30, 33, 36).

These conclusions, which are purely speculative in nature, are insufficient as a matter of law to state a claim. *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of

7

the elements of a cause of action will not do") (citations and internal quotation marks omitted); *Pickering-George v. Cuomo*, 1:10-0771, 2010 U.S. Dist. LEXIS 129669, at *10 (N.D.N.Y. Dec. 8, 2010) ("What remains clear after *Iqbal* is that 'legal conclusions can provide the framework of a complaint,' but when unsupported by factual allegations they fail to meet the minimal requirements of Fed. R. Civ. P. 8.") (internal citations omitted).

## IV. THE AMENDED COMPLAINT DOES NOT PROVIDE DEFENDANTS WITH FAIR NOTICE OF THE BASIS FOR PLAINTIFF'S CLAIMS

Although a plaintiff need not establish a *prima facie* case of discrimination at the pleading stage, a court must nevertheless consider whether the complaint provides fair notice to the defendants of the basis for the claim (*Anderson*, 2012 U.S. Dist. LEXIS 30762 at *8), such as facts giving rise to an inference of discrimination. *Palmer v. Safetec of Am., Inc.*, 11-00702A, 2012 U.S. Dist. LEXIS 101302, at *19 (W.D.N.Y. May 31, 2012) ("the Complaint is devoid of any factual allegations giving Defendant fair notice of any grounds, based on either direct or circumstantial evidence, supporting an inference that Plaintiff's termination was based on his membership in either protected class as required to establish the fourth factor of a prima facie case ...."); *Ercole v. LaHood*, 07-2049, 2011 U.S. Dist. LEXIS 32753, at *32 (E.D.N.Y. Mar. 29, 2011) (fair notice to defendants was not provided where "Plaintiff's complaint is entirely devoid of factual allegations that would give rise to a reasonable inference that he was discriminated against," but rather contained allegations that were "entirely conclusory"); *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 227 (S.D.N.Y. 2010) (plaintiff did not provide the defendants with fair notice of her hostile work environment claim and the grounds upon which it rested where, among other things, she failed to identify what conduct created the hostile work environment or who participated in creating it).

8

Here, the Amended Complaint contains a series of vague and general statements that fail to fairly provide Defendants with notice of the basis for Plaintiff's claim(s). For instance, and in addition to the conclusions identified in Point III above (*e.g.*, that Latino employees were treated "more favorably" or that Plaintiff was "constantly discriminated against"), Plaintiff alleges without explanation or example that:

- "Later in 2010, Plaintiff was unjustly chastised and disciplined for infractions he did not commit, while Latino and Puerto Rican employees were not disciplined for more serious and glaring misconduct." (Amended Compl. ¶ 17) (but failing to describe the other employees' alleged "more serious and glaring misconduct" or even his own alleged unjust discipline).

- "Defendants ... had a pattern of dismissing non-Latino employees and replacing them with persons of Puerto Rican and/or Latino descent who were not qualified for the positions." (Amended Compl. ¶ 25) (but failing to describe even one instance where a Latino employee replaced a Caucasian employee, or even that Plaintiff was replaced by a Latino employee).

Defendants cannot fairly be required to deduce the circumstances (stemming from Plaintiff's ten year tenure) that give rise to Plaintiff's vague allegations that Latino employees were somehow treated "more favorably"; that Plaintiff was "constantly discriminated against"; that Plaintiff was disciplined "unjustly"; or that Defendants engaged in a "pattern" of dismissing and replacing non-Latino employees.

## V. THE AMENDED COMPLAINT CONTAINS FACTUAL ALLEGATIONS THAT PLAINTIFF FAILS TO CONNECT TO ANY DISCRIMINATION AGAINST HIM

Finally, once Plaintiff's conclusions are stripped away from the Amended Complaint, it is clear that the remaining allegations do not support and are unrelated to Plaintiff's apparent theory that the Defendants sought to terminate and/or replace him on the basis of his race or national origin. For instance:

- Plaintiff alleges that "Puerto Rican and other Latino employees were not terminated or disciplined for offenses such as theft, failing to oversee invoices, failing to cease payroll for separated employees, disclosing sensitive information, violating Medicaid and other

9

federal and state regulations, violating company policies and procedures." (Am. Compl. ¶ 13). However, Plaintiff does not allege any disparate treatment because Plaintiff fails to allege that he was terminated or disciplined for similar conduct or that these other employees were similarly situated. (See also, Am. Compl. ¶¶ 18-19) (same).

- Plaintiff alleges that "at least one Puerto Rican employee raised concerns about the President/CEO's transgressions, and did not suffer retaliation." (Am. Compl. ¶ 14). However, Plaintiff does not allege any disparate treatment because Plaintiff fails to allege in the Amended Complaint that he suffered any form of retaliation or that this unnamed employee was similarly situated.

These irrelevant statements do not nudge Plaintiff's speculative claims across the line from conceivable to plausible. Accordingly, nothing in Plaintiff's Amended Complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## CONCLUSION

Defendants respectfully submit that this Court should dismiss the Plaintiff's Amended Complaint with prejudice and without leave to amend, and should award Defendants such other and further relief as is just and proper.

Dated: New York, New York
August 2, 2012

TANNENBAUM HELPERN SYRACUSE
& HIRSCHTRITT LLP

By: _____
Andrew W. Singer
Jason B. Klimpl

900 Third Avenue
New York, New York 10022
Telephone: (212) 508-6700
Facsimile: (212) 371-1084
singer@thsh.com

*Attorneys for Defendants*