# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

KARL CINA

**Plaintiff**,

vs.

PUERTO RICAN FAMILY INSTITUTE, INC.
and HOPE FOR FAMILIES AND CHILDREN
FOUNDATION, INC.

**Defendants.**

Civil Action No.: 12 CV 2276

---

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

---

**RESNICK LAW GROUP, P.C.**
5 Becker Farm Road, 4th Floor
Roseland, New Jersey 07068
(973) 781-1204
Attorneys for Plaintiff

On the Brief:
Gerald Jay Resnick, Esq.
Vincent Antoniello, Esq.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.     APPLICABLE STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    II.    THE AMENDED COMPLAINT CONTAINS A "SHORT AND PLAIN STATEMENT" OF THE CLAIM SHOWING THAT PLAINTIFF IS ENTITLED TO RELIEF, AND APPLYING THE APPROPRIATE LIBERAL STANDARD, THE CLAIMS ARE SUFFICIENTLY PLAUSIBLE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    III.   DEFENDANTS' MOTION SHOULD BE DENIED AS A RESULT OF THE STANDARDS THAT APPLY IN THE CONTEXT OF DISCRIMINATION CASES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    IV.   THE AMENDED COMPLAINT PROVIDES DEFENDANTS WITH FAIR NOTICE OF THE BASIS FOR PLAINTIFF'S CLAIMS . . . . . . . . . . . . . . . 9

    V.    THE AMENDED COMPLAINT IS NOT RIFE WITH MERE CONCLUSIONS AND CONTAINS SUFFICIENT FACTS CONNECTED TO PLAINTIFF TO STATE A CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

**CASES**:

Ashcroft v. Iqbal,
556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8, 11, 12

Bell Atlantic Corporation v. Twombly,
550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8, 9, 12

Boykin v. Keycorp,
521 F.3d 202 (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Chambers v. Time Warner, Inc.,
282 F.3d 147 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Friedl v. City of New York,
210 F.3d 79 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Hicks v. IBM,
44 F. Supp. 2d 593 (S.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Jackson v. NYS Department of Labor,
709 F. Supp.2d 218 (S.D.N.Y. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 10

McIntosh v. Covenant House,
2007 U.S. Dist. LEXIS 50257 (S.D.N.Y. June 28, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

O'Connor v. Consolidated Coin Caterers Corporation,
517 U.S. 308 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Onanuga v. Pfizer, Inc.,
2004 U.S. Dist. LEXIS 4823, (S.D.N.Y. Mar. 16, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Patane v. Clark,
508 F.3d 106 (2d Cir.2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Prince v. Madison Square Garden,
427 F. Supp.2d 372 (S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9, 11, 12

Swierkiewicz v. Sorema N.A.,
534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 9

Wheeler v. Natale,
137 F. Supp. 2d 301 (S.D.N.Y. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**RULES**:

F.R.C.P. 8(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

F.R.C.P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 7, 11

F.R.C.P. 15(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## PRELIMINARY STATEMENT

Plaintiff Karl Cina submits this brief in opposition to Defendants' motion to dismiss his

Second Amended Complaint (the "Complaint" or "Compl.").

As pled in Plaintiff's Complaint:

7.      At all relevant times, the plaintiff, Karl Cina (hereinafter "Plaintiff" or "Plaintiff"),
        was employed as Controller by defendant Puerto Rican Family Institute, Inc. and by
        defendant Hope for Families and Children Foundation, Inc., until his unlawful
        termination on January 4, 2011.  He is Caucasian, is a natural-born American, and
        is not of Puerto Rican or Latino descent

10.     At all relevant times, approximately 90% of PRFI's staff and approximately 75%
        of HFCF's staff were Latino, of which the majority is Puerto Rican.

11.     At all relevant times, all of PRFI's Board members, and all but one of HFCF's
        Board members, were Latino, of which the majority is Puerto Rican.

12.     On several occasions prior to Plaintiff's unlawful termination, employees of
        Latino descent, particularly those that were Puerto Rican, were treated more
        favorably than non-Latino, non-Puerto Rican employees.

13.     For instance, Puerto Rican and other Latino employees were not terminated or
        disciplined for offenses such as theft, failing to oversee invoices, failing to cease
        payroll for separated employees, disclosing sensitive information, violating
        Medicaid and other federal and state  regulations, violating company policies and
        procedures.

14.     Moreover, at least one Puerto Rican employee raised concerns about the
        President/CEO's transgressions, and did not suffer retaliation.

15.     At all relevant times until his unlawful termination, Mr. Cina, a Caucasian and
        natural-born American (not of Puerto Rican or Latino descent), served as
        Defendants' Controller.  He had an outstanding record for 10 years, earned the
        company hundreds of thousands in generating new revenue, reduced expenses,
        and strongly contributed to the growth of PRFI's budget from $13 million to over
        $40 million.

16.     On or about June 3, 2010, on information and belief, Dr. Mildred Allen, President
        of HFCF and Board member of PRFI who is Puerto Rican stated, in word or in
        substance: "All the Board members and people in key positions with PRFI are

Latino. Then why isn't the Controller Latino too. It's frustrating to me and other Board members that Mr. Cina doesn't speak Spanish and we have to translate for him into English all the time."

17. Later in 2010, Plaintiff was unjustly chastised and disciplined for infractions he did not commit, while Latino and Puerto Rican employees were not disciplined for more serious and glaring misconduct.

18. By way of example only, one of the Program Directors failed to properly oversee Medicaid billing, which resulted in a significant loss to the PRFI. However, because he was of Puerto Rican descent he was not disciplined in any manner.

19. Another Program Director, also of Puerto Rican descent operated a program in New Jersey for over six years, with an accumulated loss of over $1.2 million, but because he was Latino, no reprimand or other adverse action befalled him.

20. At all times pertinent hereto, Plaintiff was constantly discriminated against because he was Caucasian and/or a natural-born American and/or not of Puerto Rican or Latino descent.

21. For instance, the President of PRFI, Maria E. Girone ("Girone") excluded him from the company's scheduled Board Meetings, though plaintiff had always presented his fiscal report at each Board and Executive Committee Meeting. This was the only time in his nearly 10-year career with PRFI that Plaintiff was prohibited from attending a Board Meeting.

22. On December 24, 2010, Girone gave Plaintiff a written warning indicating that he would be suspended for two weeks without pay, and placed him on "probation," wrongfully accusing him of violating a company policy, which was not true.

23. Finally, on January 4, 2011, Girone summoned Plaintiff into her office and informed Plaintiff that the company had found "other matters of concern," and swiftly fired him.

24. When Plaintiff asked what "other matters" she was referring to, Girone refused to elaborate and told Plaintiff she had the right to terminate him at will. She then gave Plaintiff 15 minutes to collect his personal belongings and leave the premises.

25. Defendants terminated Plaintiff's employment because of his race and national origin - for being Caucasian and/or a natural-born American and/or not of Puerto Rican or Latino descent, and had a pattern of dismissing non-Latino employees and replacing them with persons of Puerto Rican and/or Latino descent who were

2

not qualified for the positions.

26.   At all times pertinent hereto, the discriminatory conduct of Defendants has caused
      Plaintiff to suffer extraordinary harm, including substantial loss of pay and
      benefits, including pension, health insurance, and unpaid sick and vacation days,
      extreme emotional and mental distress, and these and other damages.

27.   Defendants' discriminatory and retaliatory actions toward Plaintiff were
      intentional and especially egregious.

Accepting the *facts* above in the light most favorable to Plaintiff Cina, the non-moving

party on this motion, there is no question that his Complaint states claims of race and national

origin discrimination under both Title VII of the Civil Rights Act of 1964 and the New York

Human Rights Law, as set forth in detail below. Accordingly, Defendants' motion to dismiss the

Complaint should be denied.

## STATEMENT OF FACTS

Plaintiff refers to and incorporates by reference the paragraphs listed above, together with

the balance of the Complaint.

## ARGUMENT

## I.   APPLICABLE STANDARD

The standard of review on a motion to dismiss brought under Federal Rule of Civil

Procedure ("FRCP") 12(b)(6) is:

> *heavily weighted in favor of the plaintiff.* The Court is required to read a complaint
> generously, drawing all reasonable inferences from the complaint's allegations. . . .  In
> ruling on a motion to dismiss for failure to state a claim upon which relief may be
> granted, the court is required to accept the material facts alleged in the complaint as true.

Wheeler v. Natale, 137 F. Supp. 2d 301, 303 (S.D.N.Y. 2001) (emphasis added) (quotation and

citation omitted); Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002); Hicks v.

3

IBM, 44 F. Supp. 2d 593, 595 (S.D.N.Y. 1999). Indeed, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 556 (2007).

Applying the relevant standard, Defendants' motion is not just flawed, but glaringly deficient.

**II.   THE AMENDED COMPLAINT CONTAINS A "SHORT AND PLAIN STATEMENT" OF THE CLAIM SHOWING THAT PLAINTIFF IS ENTITLED TO RELIEF, AND APPLYING THE APPROPRIATE LIBERAL STANDARD, THE CLAIMS ARE SUFFICIENTLY PLAUSIBLE.**

Under FRCP 8(a)(2), a pleading must merely contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While it is true that a claim must be "plausible" on its face, to satisfy that liberal standard, a plaintiff must merely "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Notably, "the plausibility standard is *not* akin to a 'probability requirement'...." Id. (emphasis added) (citing Twombly, 550 U.S. at 556).

In this case, the Complaint specifically alleges facts -- that must be accepted as true -- which support Plaintiff's claims. For instance, it not only asserts that "employees of Latino descent, particularly those that were Puerto Rican, were treated more favorably than non-Latino, non-Puerto Rican employees," (Compl., ¶12), but also *specifically identifies examples* of such favortism:

> For instance, Puerto Rican and other Latino employees were not terminated or disciplined for offenses such as theft, failing to oversee invoices, failing to cease payroll for separated employees, disclosing sensitive information, violating Medicaid and other federal and state regulations, violating company policies and procedures.

4

Moreover, at least one Puerto Rican employee raised concerns about the President/CEO's transgressions, and did not suffer retaliation.

(Compl., ¶¶13-14). The Complaint even goes on to allege a discriminatory comment made about the Plaintiff himself, *identifying both the date and the speaker*:

> On or about June 3, 2010, on information and belief, Dr. Mildred Allen, President of HFCF and Board member of PRFI who is Puerto Rican stated, in word or in substance: "All the Board members and people in key positions with PRFI are Latino. Then why isn't the Controller Latino too. It's frustrating to me and other Board members that Mr. Cina doesn't speak Spanish and we have to translate for him into English all the time."

(Compl., ¶16). Contrary to Defendants' assertion in their footnote 1, allegations based on "information and belief" are perfectly appropriate, particularly where the information at issue is within the opposing party's knowledge. Boykin v. Keycorp, 521 F.3d 202, 215 (2d Cir. 2008). Moreover, in the words of this very Court:

> On a motion to dismiss pursuant to Rule 12(b)(6), the Court does not assess the sufficiency of the evidence that a plaintiff has or will put forth to support her claim. Rather, under Rule 12(b)(6), all of the factual assertions underlying Plaintiff's claim must be accepted as true and all reasonable inferences must be drawn in her favor. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). It is impossible and inappropriate to determine at this point in the litigation how [Plaintifff] might go about proving the truth of the comments allegedly made.... Rather, as stated, the allegations must be accepted as true. Fed.R.Civ.P. 12(b)(6). Accordingly, it is inappropriate at this stage to consider whether or not the factual support underlying [Plaintiff's] claim of hostile work environment constitutes hearsay.

Prince v. Madison Square Garden, 427 F. Supp.2d 372, 378 (S.D.N.Y. 2006)

Moreover, the Complaint not only alleges that "Later in 2010, Plaintiff was unjustly chastised and disciplined for infractions he did not commit, while Latino and Puerto Rican employees were not disciplined for more serious and glaring misconduct," (Compl., ¶17), *but also goes on to provide examples of exactly that, with far more specificity than is required to merely state a claim*:

5

By way of example only, one of the Program Directors failed to properly oversee Medicaid billing, which resulted in a significant loss to the PRFI. However, because he was of Puerto Rican descent he was not disciplined in any manner.

Another Program Director, also of Puerto Rican descent operated a program in New Jersey for over six years, with an accumulated loss of over $1.2 million, but because he was Latino, no reprimand or other adverse action befell him

On December 24, 2010, Girone gave Plaintiff a written warning indicating that he would be suspended for two weeks without pay, and placed him on "probation," wrongfully accusing him of violating a company policy, which was not true

(Compl., ¶¶18, 19, 22). As if that were not enough, Plaintiff also sets forth another example of

discriminatory treatment in the form of exclusion from a Board meeting, and provides the details

of his termination meeting. (Compl., ¶¶21, 23, 24). On these well-pleaded *facts*, it is startling

that Defendants have the gumption to argue that "Plaintiff Fails to Allege Any Facts to Support

His Theory." (Defendants' Brief ("DB"), p. 5).

Equally disturbing is the fact that Defendants seek dismissal, in part, by resolving -- in

their favor, of course -- a *credibility issue* that is more properly left for a jury to decide.

Specifically, they raise questions as to how or why "Defendants would employ Plaintiff for ten

years, yet suddenly determine that Plaintiff should be terminated and/or replaced as a result of his

race or national origin." (DB, p. 5). But at this stage, plaintiff "is not required to establish or

prove anything, rather [he] must only allege the requisite elements of a claim. This is not the

proper time to assert and weigh evidence, there will be time for that during and after discovery."

Onanuga v. Pfizer, Inc., No. 03 Civ. 5405 (CM) (GAY), 2004 U.S. Dist. LEXIS 4823, at *8-*9

(S.D.N.Y. Mar. 16, 2004). Even more fundamentally, the elements of a discrimination claim

certainly do *not include a requirement that a plaintiff be employed for less than ten years*, or

any amount of time for that matter.

6

More insidiously, instead of reading the Complaint "generously," and drawing "all reasonable inferences" in plaintiff's favor, defendants take the opposite tack, and draw every possible inference *against* plaintiff. Then, they apply their inappropriate negative inferences to attempt to manufacture semantical inconsistencies in Plaintiff's Complaint where none exist. (DB, pp. 6-7). Drawing inappropriate negative inferences in order to argue a credibility issue is double-layered in misapplication of the relevant, liberal standard.

Moreover, to the extent that Defendants are arguing (which they seemingly are) that, to state a claim for purposes of FRCP 12(b)(6), Plaintiff needs to allege that he was replaced by a Latino or Spanish-speaking employee, (DB, pp. 5-6), they are plainly mistaken. See O'Connor v. Consolidated Coin Caterers Corporation, 517 U.S. 308, 312 (1996) (holding, "[b]ecause it lacks probative value, the fact that a[] . . . plaintiff was replaced by someone outside the protected class is not a proper element of the McDonnell Douglas prima facie case"). Even assuming that such a showing were part of Plaintiff's prima facie requirement -- *which it is not* -- "at the pleading stage of the case ... plaintiffs need not plead a *prima facie* case of discrimination ... so long as they provide in the complaint a short and plain statement of the claim that shows that plaintiffs are entitled to relief and that gives the defendant fair notice of plaintiffs' claim ... and the grounds upon which that claim rests." Jackson v. NYS Department of Labor, 709 F. Supp.2d 218, 224 (S.D.N.Y. 2010). Moreover, as this Court previously held, "Defendants' argument . . . fails because facts that would support a finding of discriminatory intent need not be alleged at pleading." McIntosh v. Covenant House, No. 05 Civ. 9973 (CM), 2007 U.S. Dist. LEXIS 50257, at *15 (S.D.N.Y. June 28, 2007).

7

**III.    DEFENDANTS' MOTION SHOULD BE DENIED AS A RESULT OF THE STANDARDS THAT APPLY IN THE CONTEXT OF DISCRIMINATION CASES.**

In employment discrimination cases, the Supreme Court has specifically rejected any heightened pleading requirement.  In Swierkiewicz v. Sorema, S.A., 534 U.S. 506, 509-510 (2002), the Court overturned what had been the Second Circuit's "settled" practice to require detailed pleadings in discrimination cases.  The Swierkiewicz trial court did exactly what defendants want this Court to do, namely, it dismissed the complaint because it did "not adequately allege[] circumstances that support an inference of discrimination."  Id. at 509.  On appeal, however, the Supreme Court reversed and held that a complaint in an employment discrimination case need not "contain specific facts establishing a *prima facie* case of discrimination . . . ."  Id. at 506.  Instead, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Id. at 508 (quoting F.R.C.P. 8(a)(2)).  Holding that no greater "particularity" is required for discrimination claims, see Id. at 511, 514,  the Court emphasized that the pleading stage should not become a game of "gotcha":

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

Id. at 514.

Neither Twombly nor Iqbal changed that or imposed any heightened pleading standard in employment cases. As this Court has recognized:

> In the context of a discrimination claim, "[t]he Iqbal plausibility standard applies *in conjunction with employment discrimination pleading standards*. . . . Employment discrimination claims need not contain specific facts establishing a *prima facie* case of discrimination.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514-15, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Rather, an employment discrimination complaint 'must include

8

only a short and plain statement of the claim ... [that] give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' Id. at 512, 122 S.Ct. 992 (quotation marks and citations omitted); see also Patane v. Clark, 508 F.3d 106, 113 (2d Cir.2007) (applying Swierkiewicz to NYCHRL and NYSHRL discrimination claims)."

Jackson, 709 F. Supp.2d 218, 223-224 (emphasis added). This Court further recognized that: "In Twombly, the Supreme Court explicitly affirmed the Swierkiewicz pleading standard for employment discrimination claims," and that the Swierkiewicz standard applies to all claims "that the McDonnell Douglas framework covers." Id. at 224.

Applying the liberal Swierkiewicz standard here, Plaintiff has clearly stated a claim for which relief may be granted. The Complaint sets forth names, dates, incidents, and comparisons, as well as specific instances of discrimination connected to Plaintiff himself, including disparate and unjustified discipline, exclusion from a Board meeting, a discriminatory comment, and details about his termination, see, e.g., Compl., ¶¶13, 14, 16-19, 21-24, far exceeding the "short and plain" statement requirement. Accordingly, Defendants' motion should be denied.

## IV.    THE AMENDED COMPLAINT PROVIDES DEFENDANTS WITH FAIR NOTICE OF THE BASIS FOR PLAINTIFF'S CLAIMS.

"On a motion to dismiss, it is not the duty of this Court to assess whether the allegations, if proved true, would allow Plaintiff to ultimately prevail, but whether Defendants are given adequate notice of the Plaintiff's claims and the grounds upon which those claims rest." Prince v. Madison Square Garden, 427 F. Supp.2d 372, 381 (S.D.N.Y. 2006) (quotation and citation omitted). "[A]t the pleading stage of the case ... plaintiffs need not plead a *prima facie* case of discrimination ... so long as they provide in the complaint a short and plain statement of the claim that shows that plaintiffs are entitled to relief and that gives the defendant fair notice of plaintiffs'

claim ... and the grounds upon which that claim rests." Jackson, 709 F. Supp.2d at 224.

Defendants selectively cite and insidiously interpret the Complaint, drawing all inferences *against* Plaintiff, to conclude that they have not been provided "fair notice of the basis for Plaintiff's claims." (DB, pp. 8-9). Specifically, Defendants argue that Plaintiff "fail[s] to describe the other employees' alleged 'more serious and glaring misconduct' or even his own alleged unjust discipline." (DB, p. 9). Tellingly, Defendants conveniently overlook not just one, but *several*, other paragraphs of the Complaint that do exactly that:

> For instance, Puerto Rican and other Latino employees were not terminated or disciplined for offenses such as theft, failing to oversee invoices, failing to cease payroll for separated employees, disclosing sensitive information, violating Medicaid and other federal and state regulations, violating company policies and procedures.

> Moreover, at least one Puerto Rican employee raised concerns about the President/CEO's transgressions, and did not suffer retaliation.

> By way of example only, one of the Program Directors failed to properly oversee Medicaid billing, which resulted in a significant loss to the PRFI. However, because he was of Puerto Rican descent he was not disciplined in any manner.

> Another Program Director, also of Puerto Rican descent operated a program in New Jersey for over six years, with an accumulated loss of over $1.2 million, but because he was Latino, no reprimand or other adverse action befalled him

> On December 24, 2010, Girone gave Plaintiff a written warning indicating that he would be suspended for two weeks without pay, and placed him on "probation," wrongfully accusing him of violating a company policy, which was not true.

(Compl., ¶¶13, 14, 18, 19, 22). The argument that Defendants do not have fair notice of the basis of Plaintiff's claims is at best, a stretch, and at worst, disingenuous.

Clearly, "[i]n the Amended Complaint, [Plaintiff] has adduced factual assertions to support h[is] claims and to put Defendants on notice of h[is] claims and the grounds upon which they rest... [T]he Amended Complaint provides factual examples of the kind of conduct to which

[Plaintiff] alleges []he was routinely subjected while employed by [Defendants]." Prince, 427 F.

Supp.2d at 380 (denying 12(b)(6) motion to dismiss).

Moreover, as this Court previously held, "facts that would support a finding of

discriminatory intent," like prior instances of discrimination or pattern evidence, "need not be

alleged at pleading," and thus, cannot form the basis of a dismissal pursuant to FRCP 12(b)(6).

McIntosh v. Covenant House, No. 05 Civ. 9973 (CM), 2007 U.S. Dist. LEXIS 50257, at *15

(S.D.N.Y. June 28, 2007).

## V.  THE AMENDED COMPLAINT IS NOT RIFE WITH MERE CONCLUSIONS AND CONTAINS SUFFICIENT FACTS CONNECTED TO PLAINTIFF TO STATE A CLAIM.

Defendants' argument that the "Amended Complaint is rife with conclusions that are

insufficient to state a claim," (DB, p. 7), is flatly unsupported. Even a cursory review of the

Complaint reveals fact after fact after fact, with several specifics that can hardly be deemed

"conclusions," including names, dates, incidents, and comparisons, as detailed above. (See, e.g.,

Compl., ¶¶13, 14, 16-19, 21-24). Such facts set forth specific instances of discrimination

connected to Plaintiff himself, including disparate and unjustified discipline, exclusion from a

Board meeting, a discriminatory comment, and details about his termination.

In order to prevail on their senseless argument, Defendants would need to show that

Plaintiff has alleged just "labels and conclusions or a formulaic recitation of the elements of a

cause of action," or "naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at

678 (quotations and citations omitted). Given the names, dates, incidents, and comparisons that

Plaintiff sets forth in the Complaint, it is a strain to decipher how Defendants can even genuinely

articulate their argument, let alone prevail on it. Nor can it possibly be said that the names, dates,

11

incidents, and comparisons that are pleaded somehow constitute "legal conclusions" which are not entitled to the assumption of truth. Iqbal, 556 U.S. at 678-79.

Again, "[i]n the Amended Complaint, [Plaintiff] has adduced factual assertions to support h[is] claims and to put Defendants on notice of h[is] claims and the grounds upon which they rest... [T]he Amended Complaint provides factual examples of the kind of conduct to which [Plaintiff] alleges []he was routinely subjected while employed by [Defendants]." Prince v. Madison Square Garden, 427 F. Supp.2d 372, 380 (S.D.N.Y. 2006) (denying 12(b)(6) motion to dismiss).

Given all of the detailed facts specifically pleaded, as set forth above, it is quite clear that Plaintiff has raised "[f]actual allegations . . . enough to raise a right to relief above the speculative level *on the assumption that all of the complaint's allegations are true.*" Twombly, 550 U.S. at 545 (emphasis added).

12

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Complaint should be denied.

However, to the extent that this Court concludes there is any defect in the pleading, the correct course at this early stage is to permit an amended pleading to correct the purported defect. "The court should freely give leave [to amend] when justice so requires." F.R.C.P. 15(a)(2). "In general, district courts should not deny leave unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." Friedl v. City of New York, 210 F.3d 79, 87 (2d Cir. 2000).

Respectfully submitted,
**RESNICK LAW GROUP, PC**
5 Becker Farm Road, 4th Floor
Roseland, New Jersey 07068
(973) 781-1204

Dated: August 16, 2012          By:     /s/Gerald Jay Resnick
                                        (GJR-5741)

13