UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
KARL CINA,

                Plaintiff,        Case No.: 12-cv-2276 (KBF)

      v.

PUERTO RICAN FAMILY INSTITUTE,
INC. and HOPE FOR FAMILIES AND
CHILDREN FOUNDATION, INC.,

                Defendants.
------------------------------------------------------------- X

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

TANNENBAUM HELPERN SYRACUSE
& HIRSCHTRITT LLP
900 Third Avenue
New York, New York 10022
(212) 508-6700
Andrew W. Singer
Jason B. Klimpl

*Attorneys for Defendants*

Dated: August 23, 2012

**PRELIMINARY STATEMENT**

Despite Plaintiff Karl Cina's emphatic protestations that the Second Amended Complaint ("Amended Complaint") contains "fact after fact after fact" (Pl. Opp. at 11) and "names, dates, incidents, and comparisons" (*Id.*), the Amended Complaint falls short of the plausibility standard mandated by *Iqbal* and *Twombly*. Specifically, Plaintiff's Amended Complaint is replete with statements that constitute vague conclusions couched as facts, and allegations that are wholly unconnected to his theory of discrimination. Moreover, common sense renders Plaintiff's claim implausible. Accordingly, the Amended Complaint should be dismissed.

**ARGUMENT**

**I. BARE CONCLUSIONS COUCHED AS "FACTS" CANNOT SUPPORT PLAINTIFF'S CLAIM**

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"; "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context") (additional citation omitted).

Thus, as this Court has noted, a discrimination complaint will fail when it concludes without support that "(1) I am (insert name of a protected class); (2) something bad happened to me at work; (3) therefore, it happened because I am (insert name of protected class)." *Bermudez v. City of New York*, 783 F. Supp. 2d 560, 581 (S.D.N.Y. 2011); *Harper v. City of New York*, No. 10 Civ. 7856, 2011 U.S. Dist. LEXIS 86795, at *26 (S.D.N.Y. Aug. 5, 2011) ("Mere conclusory allegations that plaintiffs were discriminated against based on their race is insufficient to state a claim."); *Payne v. Malemathew*, No. 09 Civ. 1634, 2011 U.S. Dist. LEXIS 80649, at *13

(S.D.N.Y. July 22, 2011) ("The Court need not accept as true Plaintiff's conclusory and entirely non-specific allegation that he suffered 'continuous' discrimination based on his age, race, origin or color.") (internal citations and quotation marks omitted); *Foster v. Humane Soc'y of Rochester & Monroe County, Inc.*, 724 F. Supp. 2d 382, 390 (W.D.N.Y. 2010) ("[T]he allegation about defendant's 'practice' of firing older upper-level management employees is utterly conclusory. As stated, the Court need not accept the truth of such allegations."); *Reyes v. Fairfield Props.*, 661 F. Supp. 2d 249, 269 (E.D.N.Y. 2009) ("plaintiffs' complaint fails to allege any facts relating to race, other than a conclusory statement that defendants retaliated and discriminated against plaintiffs based on their being African-American, which is insufficient under *Iqbal*. No identification of particular events or facts underlying the race-based discrimination claims is set forth in the amended complaint …").

Here, Defendants respectfully submit that the following conclusions, which are regurgitated and couched as "facts" in Plaintiff's opposition papers (Pl. Opp. at 1-3), should not be afforded an assumption of truth:

- "… employees of Latino descent, particularly those that were Puerto Rican, *were treated more favorably* than non-Latino, non-Puerto Rican employees." (Am. Compl. ¶ 12) (emphasis added).

- certain unnamed Program Directors, because of their race or national origin, were not disciplined despite performance issues. (Am. Compl. ¶¶ 18 ("However, *because he was of Puerto Rican* descent he was not disciplined in any manner") and 19 ("*because he was Latino*, no reprimand or other adverse action befalled [*sic*] him.")) (emphasis added).

- "… Plaintiff was constantly *discriminated* against *because he was Caucasian and/or a natural-born American* and/or not of Puerto Rican or Latino descent." (Am. Compl. ¶ 20) (emphasis added).

- "Defendants terminated Plaintiff's employment *because of his race and national origin* – for being Caucasian and/or a natural-born American and/or not of Puerto Rican or Latino descent, and *had a pattern* of dismissing non-Latino employees and replacing them with persons of Puerto Rican and/or Latino descent …." (Am. Compl. ¶ 25) (emphasis added).

2

- "Defendants' *discriminatory and retaliatory* actions toward Plaintiff were intentional and especially egregious." (Amended Compl. ¶ 27) (emphasis added).

- "…Plaintiff was wrongfully discharged by Defendants *because of his [race and/or national origin]*." (Am. Compl. ¶¶ 30, 33, 36) (emphasis added).

Accordingly, while these conclusions may serve as a "framework" for Plaintiff's discrimination complaint, *Iqbal*, 556 U.S. at 679, they are not facts entitled to the assumption of truth.

## II. THE AMENDED COMPLAINT CONTAINS A SERIES OF ALLEGATIONS THAT PLAINTIFF FAILS TO CONNECT TO ANY DISCRIMINATION AGAINST HIM

Once the conclusory allegations are stripped away, it is evident that the Amended Complaint contains a series of irrelevant statements that Plaintiff simply fails to connect to any discrimination or adverse employment action against him.

For instance, Plaintiff decries that "Latino employees were not terminated or disciplined for offenses such as theft, failing to oversee invoices, failing to cease payroll for separated employees, disclosing sensitive information, violating Medicaid and other federal and state regulations, violating company policies and procedures." (Am. Compl. ¶ 13). However, Plaintiff never alleges that *he* was terminated or disciplined for engaging in such conduct. That is, Plaintiff does not actually compare himself to these unnamed employees anywhere in the Amended Complaint.

Similarly, Plaintiff alleges that "at least one Puerto Rican employee raised concerns about the President/CEO's transgressions, and did not suffer retaliation." (Am. Compl. ¶ 14). Yet, once again, Plaintiff does not allege in the Amended Complaint that *he* suffered any such retaliation and otherwise fails to compare himself to any such Puerto Rican employee. See also, Am. Compl. ¶¶ 18-19 (same).

3

Although Plaintiff points to these paragraphs in the Amended Complaint as specific examples of "favoritism" (Pl. Opp. at 4), Plaintiff fails – and does not even attempt – to actually connect these allegations to Plaintiff or any adverse employment action against him on the basis of his race or national origin.

## III.   THE AMENDED COMPLAINT IS FACIALLY IMPLAUSIBLE

### The Plausibility Standard

While Plaintiff is correct that the plausibility standard on a motion to dismiss is not akin to a "probability" requirement (Pl. Opp. at 4), a plaintiff must nevertheless plead facts that permit a court to infer more than the mere *possibility* of misconduct. *Iqbal*, 556 U.S. at 679; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (where plaintiffs have not "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed"). The Supreme Court's 2002 decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), does not mandate a more liberal pleading standard for discrimination plaintiffs. *Foster*, 724 F. Supp. 2d at 389 (citing *Swierkiewicz* and *Twombly* for the proposition that "a complaint in a Title VII case need not establish a prima facie case of employment discrimination, but the complaint must be facially plausible and must give fair notice[1] to the defendants of the basis for the claim") (internal citations omitted).

Moreover, assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, despite Plaintiff's hollow admonitions that Defendants seek to resolve issues of credibility that are "more properly left for a jury to decide" (Pl. Opp. at 6),

---

[1] For Defendants' argument that Plaintiff's vague, conclusory, and irrelevant statements do not provide Defendants with fair notice of the basis for Plaintiff's claim, Defendants respectfully refer the Court to Point IV of their memorandum of law in support of this motion (Dkt. no. 24).

Defendants respectfully submit that it is entirely appropriate for this Court to dismiss the Amended Complaint if a common sense and context-specific review of the allegations renders Plaintiff's claim implausible.

### **Plaintiff Fails to Allege Any Facts to Support His "Pattern" Theory**

Although Plaintiff alleges that he was excluded from a board meeting (Am. Compl. ¶ 21), that "upon information and belief" a discriminatory remark was made by Dr. Mildred Allen (Am. Compl. ¶ 16), that he was somehow "unjustly chastised" (Am. Compl. ¶ 17), and that Plaintiff was "constantly discriminated against" (Am. Compl. ¶ 20), Plaintiff does not proceed under the theory that he was subjected to a hostile work environment (i.e., experienced severe or pervasive harassment) on the basis of his race or national origin.

Instead, Plaintiff theorizes that he experienced adverse employment action as "Defendants terminated Plaintiff's employment because of his race and national origin ... and had a *pattern* of dismissing non-Latino employees and replacing them with persons of Latino descent ...." (Am. Compl. ¶ 25) (emphasis added). However, Plaintiff fails to supply even a *single* instance where a non-Latino employee was replaced by a Latino employee – including his own employment. See, *e.g.*, *Foster*, 724 F. Supp. 2d at 390 ("[T]he allegation about defendant's 'practice' of firing older upper-level management employees is utterly conclusory. As stated, the Court need not accept the truth of such allegations.").

Moreover, while Plaintiff is correct in insisting that a discrimination plaintiff is not necessarily required to allege that he or she was replaced by a Latino or Spanish-speaking employee in order to state a claim (Pl. Opp. at 7), Plaintiff's very theory in this case is in fact that Defendants had a pattern of making such discriminatory replacements. Therefore, Plaintiff's failure (and inability) to allege that he was replaced by a Latino and/or Spanish-speaking

5

employee renders his claim implausible. See, *e.g.*, *Bampoe v. Coach Stores, Inc.*, 93 F. Supp. 2d 360, 371 (S.D.N.Y. 1999) (recommending dismissal of discriminatory discharge claim pursuant to 12(b)(6) where "Plaintiff has failed to show that the position was ultimately filled by a person not of the protected class[, which] undermines his attempt to establish a *prima facie* case of Title VII discrimination") (citing *Estepa v. Shad*, 652 F. Supp. 567, 570 n.5 (E.D.N.Y. 1987) ("Absent other facts from which inferences may be drawn, unless a Title VII plaintiff is replaced by a member of a nonprotected class, proof of intentional discrimination appears extremely difficult, if not practically impossible.")); *Fleming v. MaxMara USA, Inc.*, 644 F. Supp. 2d 247, 261 (E.D.N.Y. 2009) (same) (quoting *Estepa*); *Montanile v. Nat. Broadcast Co.*, 211 F. Supp. 2d 481, 487 (S.D.N.Y. 2002) (In connection with a Title VII claim, "[t]hat a plaintiff is replaced by another in the same protected class weighs heavily against the inference that she suffered discrimination."); *McMillan v. Examination Mgt. Servs., Inc.*, No. 94 Civ. 2229, 1996 U.S. Dist. LEXIS 14189, at *27 (S.D.N.Y. Sept. 27, 1996) (Judge Preska, observing for the purposes of a Title VII claim "the persuasive, if not dispositive, fact that EMSI replaced Ms. McMillan with another black woman ....").

### Plaintiff's Ten-Year Tenure Renders His Claim Implausible

As Defendants have urged, it defies common sense that the Defendants would employ Plaintiff for ten years, yet suddenly determine that Plaintiff should be terminated and/or replaced as a result of his race or national origin. And while we agree with Plaintiff that "the elements of a discrimination claim certainly do not include a requirement that a plaintiff be employed for less than ten years" (Pl. Opp. at 6), common sense dictates that Plaintiff's lengthy tenure cannot be ignored in determining whether Plaintiff's discrimination claim crosses the line from speculative to plausible.

6

**Other Factors Undermining the Plausibility of the Amended Complaint**

As mentioned in Defendants' earlier submissions, Plaintiff's Amended Complaint contains inconsistencies that further undermine the plausibility of his claim, notwithstanding Plaintiff's contention that such inconsistencies may be merely "semantical" or "manufactured" (Pl. Opp. at 7). Among other things:

- Although Plaintiff alleges for the first time in the Amended Complaint that he was "constantly" discriminated against (Am. Compl. ¶ 20), in the very next paragraph Plaintiff admits that never before "in his nearly 10-year career with PRFI" had Plaintiff ever been excluded from a board meeting. (Am. Compl. ¶ 21).

- Similarly, while Plaintiff alleges in the Amended Complaint that "Plaintiff was *constantly* discriminated against because he was Caucasian ..." (Am. Compl. ¶ 20) (emphasis added), his Original Complaint alleged that PRFI's President/CEO "*began* discriminating against Plaintiff because he was a Caucasian" in late 2010 after his alleged whistleblowing activities (Orig. Compl. ¶ 28) (emphasis added).

- Plaintiff fails to allege in the Amended Complaint that he – at any time during his ten-year tenure – ever complained to the Defendants about this "constant" discrimination.

## IV.  PLAINTIFF'S APPLICATION TO REPLEAD SHOULD BE DENIED

While ordinarily leave to replead may be freely given, it may also be denied where it is clear that no amendments can cure the pleading deficiencies and any attempt to replead would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] cause of action is substantive; better pleading will not cure it.").

Here, Plaintiff has been given ample time and opportunity to cure any deficiencies in his Original Complaint. In fact, at a preliminary conference with the parties' counsel on June 28, 2012, the Court expressly informed Plaintiff's counsel that Plaintiff would have the opportunity to submit an amended complaint containing any additional allegations of discrimination not contained in the Original Complaint. Thus, Plaintiff has already been given the opportunity to replead, which he did. As a result, Plaintiff cannot credibly assert that dismissal of the Amended

7

Complaint would render this pleading stage a game of "gotcha" (Pl. Opp. at 8) or a game "in which one misstep by counsel may be decisive to the outcome ...." (*Id.*).

Because it is apparent that any attempt to replead would be futile, Plaintiff's application should be denied.

## CONCLUSION

As in this case, "the need to engage in ... speculations in order to find a way for plaintiff to survive is precisely what signals to me that he cannot, and that his complaint 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Jones v. New York City Dep't of Hous. Pres. & Dev.*, No. 09 Civ. 2104, 2010 U.S. Dist. LEXIS 107360, at *9 (E.D.N.Y. Sept. 30, 2010) (quoting *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted)).

Defendants respectfully submit that this Court should dismiss the Plaintiff's Amended Complaint with prejudice and without leave to amend, and should award Defendants such other and further relief as is just and proper.

Dated: New York, New York
       August 23, 2012

                              TANNENBAUM HELPERN SYRACUSE
                              & HIRSCHTRITT LLP

                              By: _____
                                  Andrew W. Singer
                                  Jason B. Klimpl

                              900 Third Avenue
                              New York, New York 10022
                              Telephone: (212) 508-6700
                              Facsimile: (212) 371-1084
                              singer@thsh.com

                              *Attorneys for Defendants*

8